# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| ONE JET, INC., | ) | Case No.: 18-24070-GLT |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ROSEMARY C. CRAWFORD, | ) | |
| Chapter 7 Trustee, | ) | Adv. Pro. No.: 20-02175-GLT |
| | ) | |
| Plaintiff, | ) | Related to Doc. No.: 1, 7, 9, 58 |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW R. MAGUIRE, HEATHER | ) | |
| R. MAGUIRE, JEAN ANN RIEKE, THE | ) | |
| ESTATE OF PATRICK JAMES | ) | |
| MAGUIRE, JEAN ANN RIEKE AS | ) | |
| EXECUTRIX OF THE ESTATE OF | ) | |
| PATRICK MAGUIRE, THE | ) | |
| PATRICK JAMES MAGUIRE AND | ) | |
| JEAN ANN RIEKE REVOCABLE | ) | |
| TRUST, TRUST DOES 1-3, JEAN ANN | ) | |
| RIEKE AS TRUSTEE OF THE | ) | |
| PATRICK JAMES MAGUIRE AND | ) | |
| JEAN ANN RIEKE REVOCABLE | ) | |
| TRUST, MAGUIRE/MAGUIRE | ) | |
| INCORPORATED, PRIMAIR | ) | |
| VENTURE PARTNERS, SPINNAKER | ) | |
| AIRCRAFT HOLDING, LLC (f/k/a ONE | ) | |
| JET AIRCRAFT HOLDINGS, LLC), | ) | |
| ELM AEROSPACE HOLDINGS, LLC, | ) | |
| TRI-STATE CHARTER HOLDINGS, | ) | |
| LLC, TRI-STATE CHARTER | ) | |
| LEASING, LLC, TRI-STATE | ) | |
| CHARTER, LLC, BANK OZK (f/k/a | ) | |
| BANK OF THE OZARKS, INC.) and | ) | |
| AIRCRAFT HOLDINGS COMPANY | ) | |
| ONE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................. 1

II.    FACTS ............................................................................................................. 2

III.   STANDARD OF REVIEW ............................................................................. 3

IV.   LEGAL ARGUMENT ..................................................................................... 5

    A.    Count X Fails to State a Plausible Avoidable Preference Claim Against
          the Trust Under § 547 of the Bankruptcy Code ....................................... 5

    B.    Counts XI and XV Fail to State Claims for Avoidance of Actual
          Fraudulent Transfers Under § 544 of the Bankruptcy Code and the
          California Civil Code .............................................................................. 7

          1.    Count XI .................................................................................... 7

          2.    Count XV ................................................................................... 8

          3.    Law and Argument Applicable to Both Counts ........................ 9

    C.    Counts XXII and XVI Fail to State Claims for Avoidance of an Actual
          Fraudulent Transfer Under § 548(a)(1)(A) of the Bankruptcy Code ................... 10

          1.    Count XII ................................................................................. 11

          2.    Count XVI ................................................................................ 11

          3.    Law and Argument Applicable to Both Counts ...................... 11

    D.    Counts XIII and XVII Fail to State Claims for Avoidance of
          Constructively Fraudulent Transfers Under § 544 of the Bankruptcy
          Code and the California Civil Code ...................................................... 12

          1.    Count XIII ............................................................................... 12

          2.    Count XVII .............................................................................. 12

          3.    Law and Argument Applicable to Both Counts ...................... 13

    E.    Counts XIV and XVIII Fail to State Claims for Avoidance of
          Constructively Fraudulent Transfers Under Bankruptcy Code § 548 ................. 14

          1.    Count XIV ............................................................................... 14

          2.    Count XVIII ............................................................................. 14

3.      Law and Argument Applicable to Both Counts...................................... 14

F.      Count XXV Fails to State a Claim Against the Trust for Recovery of
        Avoided Transfers under § 550 of the Bankruptcy Code ................................... 15

G.      Count XXVI Fails to State a Claim Against the Trust for Disallowance
        of All Claims Under § 502 of the Bankruptcy Code ........................................... 16

**H.**      The Common Law Claims (Counts XXVII–XXVIII and XXXI) and the
        Claim for Declaratory Judgment (Count XXXII) Should be Dismissed
        for Failure to Identify the Applicable State Law ................................................. 18

I.      Count XXVII Fails to State a Claim for Conversion ........................................... 19

J.      Count XXVIII Fails to State a Cause of Action for Unjust Enrichment
        Against the Trust ................................................................................................. 21

        1.      The Trustee fails to state a claim for unjust enrichment under
                Pennsylvania law. ..................................................................................... 21

        2.      The Trustee Fails to State a Claim for Unjust Enrichment
                Against the Trust Under California Law ................................................... 22

K.      Count XXXI Fails to State a Plausible Claim Against the Trust for Civil
        Conspiracy ........................................................................................................... 23

        1.      The Civil Conspiracy Claim fails under Pennsylvania Law ..................... 23

        2.      The Civil Conspiracy Claim Fails Under California Law ........................ 24

L.      Count XXXII Fails to State a Claim Against the Trust for a Declaratory
        Judgment Under 28 U.S.C. § 2201 ...................................................................... 24

M.      The Trustee Fails to State a Basis for the Award of Attorney Fees and
        Costs or Exemplary Damages .............................................................................. 26

V.      CONCLUSION................................................................................................................. 28

## <u>TABLE OF AUTHORITIES</u>

<u>Federal Cases</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................ 4

*Bank of Am., N.A. v. Knight*, 725 F.3d 815 (7th Cir. 2013) .......................................... 7

*Bank of New York v. Fremont General Corp*., 523 F.3d 902, 914 (9th Cir. 2008) ...................... 20

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................... 4

*Burnside v. Abbott Laboratories*, 5050 A.2d 973 (Pa. Super. Ct. 1985) ...................................... 23

*Burtch v. Dent*, 354 B.R. 349 (Bankr. D. Del. 2006) ...................................................... 8

*Carricato v. Unisys Corp.*, No. 3147 S 1992, 1993 WL 327768 (Pa. Ct. Com. Pl.
    May 7, 1993) ............................................................................................ 27

*Carter v. Morrison*, Civ. A. No. 06-3000, 2010 WL 701799 (E.D. Pa. Feb. 24,
    2010) ................................................................................................... 20

*Cresci Const. Services, Inc. v. Martin*, 64 A.3d 254 (Pa. Super. Ct. 2013)................................. 27

*Fife v. Great Atlantic & Pacific Tea Co*., 52 A.2d 24 (Pa. 1947)................................................ 23

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).......................................................... 3, 4

*Gabriel v. Giant Eagle, Inc*., 124 F. Supp. 3d 550 (W.D. Pa. 2015) ............................................. 21

*Hornaday v. Hornaday*, 213 P.2d 91 (Cal. Ct. App. 1949) ...................................................... 27

*Hutchison ex rel. Hutchison v. Luddy*, 896 A.2d 1260 (Pa. Super. Ct. 2006) .............................. 28

*I-CA Enterprises, Inc. v. Palram Americans, Inc*., 235 Cal. App. 4th 257 (Cal. Ct.
    App. 2015) ............................................................................................. 24

*In re Ciccimaro*, 364 B.R. 184 (Bankr. E.D. Pa. 2007) .............................................................. 26

*In re Circle Y of Yoakum, Texas*, 354 B.R. at 356 ............................................................. passim

*In re Cohen*, 142 B.R. 720 (Bankr. E.D. Pa. 1992) ................................................................. 12

*In re Dressel Assocs., Inc.*, No. ADV 13-02200-JAD, 2014 WL 6607667 (Bankr.
    W.D. Pa. Nov. 19, 2014)................................................................................. 12

*In re Harris Agency, LLC*, 465 B.R. 410 (Bankr. E.D. Pa. 2011) ........................................ passim

*In re Lockwood Auto Grp., Inc*., 450 B.R. 557 (Bankr. W.D. Pa. 2011).................................... 11

*In re Pittsburgh Cut Flower Co., Inc.,* 124 B.R. 451 (Bankr. W.D. Pa. 1991) ........................... 12

*In re Polichuk*, No. ADV 10-0031ELD, 2010 WL 4878789 (Bankr. E.D. Pa. Nov. 23, 2010) ......................................................................................................................... 7

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198 (3d Cir. 2002)................................. 5

*In re Rothery*, 200 B.R. 644 (B.A.P. 9th Cir. 1996) ................................................................ 26

*In re Universal Mktg., Inc.*, 460 B.R. 828 (Bankr. E.D. Pa. 2011)....................................... 6, 7, 15

*In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143 (E.D. Pa. 2009).......................................... 18

*Melmark, Inc. v. Schutt ex rel. Schutt*, 206 A.3d 1096 (Pa. 2019)......................................... 18, 19

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. Furth, Fahner, Bluemle & Mason*, 558 F.Supp. 94 (N.D. Cal. 1983) ................................................................... 27

*Navarrete v. Meyer*, 237 Cal. App. 4th 1276 (Cal. Ct. App. 2015)............................................. 24

*Phillips v. Cty. of Allegheny*, 515 F.3d 224 (3d Cir. 2008)......................................................... 4

*Phillips v. Selig*, 959 A.2d 420 (Pa. Super. Ct. 2008)............................................................. 23

*Pittsburgh Live, Inc. v. Servov*, 615 A.3d 438 (Pa. Super. Ct. 1992) ........................................ 27

*Professional Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal.App.5th 230 (Cal. Ct. App. 2018)........................................................................................................ 22

*Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014) .................................................... 25

*SNA, Inc. v. Array*, 173 F.Supp.2d 347 (E.D. Pa. 2001)........................................................... 27

*Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162 (3d Cir. 2008) .............................. 21

*Travelers Indem. Co. v. Cephalon, Inc.*, 32 F. Supp. 3d 538 (E.D. Pa. 2014)....................... 18, 19

*United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294 (3d Cir. 2016).......................................................................................................... 5

*VBS Distribution, Inc. v. Nutrivita Laboratories, Inc.*, No.: SACV 16-01553-CJC(DFMx), 2018 WL 6177245 (C.D. Cal. Oct. 22, 2018) .................................................. 27

*Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) .................................................................... 25

## **State Cases**

Cal. Code Civ. P. § 1021........................................................................................................ 27

Fed. R. Bankr. P. 7008 ......................................................................................................... 3

Fed. R. Bankr. P. 7009 ......................................................................................................... 1

Fed. R. Bankr. P. 7012 ......................................................................................................... 1

Fed. R. Bankr. P. 7012(b) ..................................................................................................... 3

Fed. R. Civ. P. 12 ................................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ................................................................................................. passim

Fed. R. Civ. P. 8(a)(2) .......................................................................................................... 3

Fed. R. Civ. P. 9 .................................................................................................................. 1

Fed. R. Civ. P. 9(b) ...................................................................................................... passim

## State Statutes

11 U.S.C. § 502 .................................................................................................................. 9

11 U.S.C. § 502(d) ............................................................................................................. 17

11 U.S.C. § 502(j) .............................................................................................................. 17

11 U.S.C. § 544 ........................................................................................................ 7, 10, 12

11 U.S.C. § 544(a) ....................................................................................................... passim

11 U.S.C. § 544(b)(1) ................................................................................................ 7, 8, 9, 13

11 U.S.C. § 547 .................................................................................................................. 5

11 U.S.C. § 547(b)(1) ........................................................................................................... 5

11 U.S.C. § 547(b)(2) ........................................................................................................... 5

11 U.S.C. § 547(b)(3) ........................................................................................................... 5

11 U.S.C. § 547(b)(4) ........................................................................................................... 5

11 U.S.C. § 547(b)(5) ........................................................................................................... 5

11 U.S.C. § 547(g) ............................................................................................................... 5

11 U.S.C. § 548 ................................................................................................................. 10

11 U.S.C. § 548(a)(1)(A) ................................................................................................. 10, 11

11 U.S.C. § 548(a)(1)(B) ................................................................................................ 14

11 U.S.C. § 550 ................................................................................................... 15, 17

11 U.S.C. § 550(a) .............................................................................................. 15, 16

11 U.S.C. § 550(a)(2) ............................................................................................... 15

11 U.S.C. § 550(b) .............................................................................................. 15, 16

11 U.S.C. § 550(c) ..................................................................................................... 16

11 U.S.C. § 550(d) .............................................................................................. 15, 16

28 U.S.C. § 2201 ................................................................................................. 24, 25

Cal. Civ. Code § 3294(a) ........................................................................................... 28

Cal. Civ. Code § 3336 ............................................................................................... 27

Cal. Civ. Code § 3439.01 ............................................................................................ 9

Cal. Civ. Code § 3439.04(a)(1) ................................................................................... 7

Cal. Civ. Code § 3439.04(a)(2) ................................................................................. 12

Cal. Civ. Code § 3439.05 ........................................................................................... 12

Cal. Civ. Code § 3439.07 ................................................................................. 7, 12, 26

Cal. Civ. Code § 3439.10 ........................................................................................... 13

Cal. Civ. Code § 3439.10(a)(2) ................................................................................. 10

Cal. Civ. Code § 3439.10(b) ...................................................................................... 10

**State Regulations**

1 Summ. Pa. Jur.2d Torts § 13:1 ................................................................................ 23

14A Cal. Jur. 3d Conversion § 1 ............................................................................... 20

2 Summ. Pa. Jur.2d Torts § 14:4 (2d ed.) ................................................................. 20

**BRIEF IN SUPPORT OF MOTION OF DEFENDANTS (1) Patrick James Maguire and Jean Ann Rieke Revocable Trust AND (2) Jean Ann Rieke as Trustee of the Patrick James Maguire and Jean Ann Rieke Revocable Trust TO DISMISS COUNTS X–XVIII, XXV–XXVIII, XXXI and XXXII OF PLAINTIFF'S COMPLAINT**

Defendants Patrick James Maguire and Jean Ann Rieke Revocable Trust (the "**Maguire Trust**"), and Jean Ann Rieke as Trustee of the Patrick James Maguire and Jean Ann Rieke Revocable Trust (the "**Maguire Trustee**" and, together with the Maguire Trust solely for the purpose of this pleading, the "**Trust**"), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this Court by Rules 7009 and 7012 of the Federal Rules of Bankruptcy Procedure, respectfully submit this Brief in Support of their Motion to Dismiss.  The Trust asks the Court to dismiss Counts X–XVIII, XXV–XXVIII, XXXI and XXXII of the Complaint against it pursuant to Rules 12(b)(6) and 9(b).

## I.      INTRODUCTION

While this Adversary Proceeding is new, the dispute over what happened with OneJet is not. OneJet was forced into involuntary bankruptcy on October 17, 2018. The Trustee filed this action on the eve of the two-year anniversary of the bankruptcy filing.  The Trustee is in an enviable position as a plaintiff—she had the benefit of two years' worth of pre-complaint discovery in both the bankruptcy and other adversary proceedings (including testimony of key witnesses and tens of thousands of pages of documents) at her disposal before drafting the Complaint.

Despite her access to all that information, the Trustee could not properly articulate anywhere within a 474-paragraph complaint the facts needed to support the 32 claims pleaded against 18 different defendants. The Complaint fails to allege the behavior of each particular defendant that creates liability for each of the 32 counts, instead lumping them all together and imputing the alleged actions of a few actors to all 18 defendants.

1

## II.   **FACTS**

The Trust hereby incorporates and adopts the "Background of OneJet" portion of Section II "Facts" as set forth in the brief in support of Matthew Maguire's Motion to Dismiss. [Docket No. 61].

The Trust was established in 1993. (¶ 24). The Trustee fails to make any specific allegations as to the Trust except a statement that "[i]f to the extent that the Trust or its property has been divided or distributed into other trusts, for purpose of this Complaint such trusts are named herein as Trust Does 1-3 and subsumed within any reference to the Trust." (¶ 25).  Patrick Maguire and Rieke were the Trustors and Trustees of the Trust during Patrick's lifetime, and Rieke is now the sole beneficiary of the Trust. (¶¶ 28–29).  The Bankruptcy Trustee simply concludes that all claims set forth against the Trust are also asserted against the Maguire Trustee, even though there are no allegations whatsoever that she did anything in that capacity to give rise to liability. There is no other mention of the Trust or its trustee within the 30 pages of factual background provided in the Complaint. The Maguire Trustee is not even mentioned in the header for any of the Counts.

The Trust is named in 15 of the 32 counts of the Complaint:

(a)     Count X—Avoidance of Preferential Transfers

(b)     Count XI—Avoidance of Actual Fraudulent Transfers (Bankruptcy Code Section 544 and Cal. Civ. Code)

(c)     Count XII—Avoidance of Actual Fraudulent Transfers (Bankruptcy Code Section 548)

(d)     Count XIII—Avoidance of Constructively Fraudulent Transfers (Bankruptcy Code Section 544 and Cal. Civ. Code)

(e)     Count XIV—Avoidance of Constructively Fraudulent Transfers (Bankruptcy Code Section 548)

(f)     Count XV—Avoidance of Actual Fraudulent Transfers (Bankruptcy Code Section 544 and Cal. Civ. Code)

(g)    Count XVI—Avoidance of Actual Fraudulent Transfers (Bankruptcy Code Section 548)

(h)    Count XVII—Avoidance of Constructively Fraudulent Transfers (Bankruptcy Code Section 544 and Cal. Civ. Code)

(i)    Count XVIII—Avoidance of Constructively Fraudulent Transfers (Bankruptcy Code Section 548)

(j)    Count XXV—Recovery of Avoided Transfers (Bankruptcy Code Section 550) — Counts X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII

(k)    Count XXVI—Disallowance of All Claims (Bankruptcy Code Section 502)

(l)    Count XXVII—Conversion

(m)    Count XXVIII—Unjust Enrichment

(n)    Count XXXI—Civil Conspiracy

(o)    Count XXXII—Declaratory Judgment Under 28 U.S.C. § 2201

Given the many different counts alleged against the Estate, the details of each will be discussed more at length in the Legal Argument section below.

## III.    **STANDARD OF REVIEW**

Federal Rule of Bankruptcy Procedure 7012(b) applies Federal Rule of Civil Procedure 12(b)(6) to adversary proceedings. Fed. R. Civ. P. 12(b)(6) entitles MMI to file a Motion to Dismiss the Complaint for "failure to state a claim upon which relief can be granted." For the claim alleged against MMI to survive this motion to dismiss, the Complaint must satisfy the pleading standards of Rule 8(a)(2), which requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also* Fed. R. Bankr. P. 7008 (applying Federal Rule of Civil Procedure 8 to adversary proceedings).

The Court, in hearing this Motion, must analyze the factual and legal elements of the claim asserted against MMI in order to determine whether the Complaint states a plausible claim for relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court "must

accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210. The court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In *Iqbal*, the Supreme Court held, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. *Iqbal* instructs that "'plausibility of entitlement to relief'" is not established by "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements", nor by "facts that are 'merely consistent with' a defendant's liability." *Iqbal* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). Courts in the Third Circuit earnestly apply *Iqbal's* and *Twombly's* mandate that claims for relief must be plausibly supported by well-pleaded facts. *See, e.g., Fowler* at 211, quoting *Iqbal*, 556 U.S. at 679, in holding that "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown— that the pleader is entitled to relief"; *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008), quoting *Twombly* at 545, holding, "the 'factual allegations must be enough to raise a right to relief above the speculative level.'"

This standard is even more stringent for a plaintiff alleging fraud. In that case, a plaintiff must also adhere to the pleading requirements in Rule 9(b). There, a plaintiff "alleging fraud . . . must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). In particular, a plaintiff must "support [those] allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'" *United States ex rel. Moore & Co., P.A. v. Majestic Blue*

*Fisheries, LLC*, 812 F.3d 294, 307 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)).

## IV.    LEGAL ARGUMENT

### A.    Count X Fails to State a Plausible Avoidable Preference Claim Against the Trust Under § 547 of the Bankruptcy Code

The Court must dismiss Count X against the Trust because the Complaint fails to satisfy the pleading requirements of Rule 12(b)(6). Count X arises out of claims that MMI received money from OneJet in the year preceding the Petition Date. (¶ 252). However, the Trustee fails to plead any facts to show that the Trust received any money, despite having access to thousands of pages of bank records.

Section 547 of the Bankruptcy Code allows the Trustee to avoid a transfer of an interest of the debtor in property. However, the Trustee has the burden of proving the avoidability of a transfer under Section 547(b). 11 U.S.C. § 547(g). She must show that the debtor made the transfer:

(a)    To or for the benefit of a creditor. 11 U.S.C. § 547(b)(1).

(b)    For or on account of an antecedent debt owed by the debtor [to the creditor] before the transfer was made. 11 U.S.C. § 547(b)(2).

(c)    While the debtor was insolvent. 11 U.S.C. § 547(b)(3).

(d)    On or within 90 days of the date of the petition, or within one year of the petition date if the creditor is an insider at the time of the transfer. 11 U.S.C. § 547(b)(4).

(e)    To enable the creditor to receive more than it would have otherwise received in a Chapter 7 case if the transfer had not been made and the creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code. 11 U.S.C. § 547(b)(5).

The Trustee's exercise of the avoidance power must be "based on reasonable due diligence in the circumstances of the case…." 11 U.S.C. § 547(b).

The Trustee, in the 474 paragraphs of the Complaint, fails to allege any facts to show that OneJet made <u>any</u> transfers to the Trust, let alone avoidable preferential transfers. The Trustee only

alleges that OneJet made an unspecified number of "Preferential Transfers" to MMI in the 12-month period before the Petition Date. (¶ 252). The Trustee then makes the leap that the payments to MMI were for the benefit of MMI, Patrick Maguire and Rieke as partners of PrimAir Venture Partners ("**PVP**"). (¶ 256). It does not say that these transfers were payments of antecedent debts, nor that the Trust benefited from or received any of these payments.[1]

The Trustee's failure to identify a single transfer to the Trust is fatal. Despite having access to two years' worth of discovery, countless pages of bank and financial records, and numerous depositions of parties, the Complaint fails to identify an amount transferred to the Trust, the date(s) of such transfers, or what debt OneJet had incurred to the Trust. While Rule 12(b)(6) requires a Complaint to provide a "short, plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations," a Complaint under Section 547(b) must show "(a) an identification of the nature and amount of each antecedent debt and (b) an identification of each alleged preference transfer by (i) date, (ii) name of debtor/transferor, (iii) name of transferee and (iv) the amount of the transfer" to survive a motion to dismiss. *In re Universal Mktg., Inc*., 460 B.R. 828, 836 (Bankr. E.D. Pa. 2011) (internal citations and quotation omitted).

The Trustee fails to allege any facts showing that OneJet had antecedent debts to the Trust. *See In re Harris Agency, LLC*, 465 B.R. 410, 416 (Bankr. E.D. Pa. 2011) (dismissing complaint that "fails to provide the necessary detailed allegations regarding the nature of the antecedent

---

[1] The Trustee's pleading of this claim is hopelessly confused. It alleges that OneJet made "preferential transfers" to MMI (¶ 252), that MMI received "each fraudulent transfer" from OneJet for the benefit of MMI and unspecified Transferees (¶¶ 253–254), and that "the Preferential Transfers… were made to Maguire/Maguire and for the benefit of Maguire/Maguire, Patrick Maguire and Rieke as partners of PVP, which is a creditor…." (¶ 256(b)). One reading of this Count is that the Complaint erroneously conflates fraudulent and preferential transfers under Section 547. Another reading of this Count is that ¶ 256 misconstrues Section 547 as making the Trust liable for a preferential transfer "made to Maguire/Maguire and for the benefit of Maguire/Maguire, Patrick Maguire and Rieke as Partners of PVP, which is a creditor.." A third reading of this Count, which requires the Court, unbidden, to correct the Trustee's mistakes, is that the Trustee really meant to allege that the Trust was an "insider" of OneJet under Section 101(31) at the time of the *Preferential* Transfers—however the Trustee does not allege specific facts or applicable provisions of Section 101(31) to show that the Trust was an insider of OneJet.

debts" and provides "no specifics regarding the alleged antecedent debt owed by the Debtor to [the creditor]."); *In re Polichuk*, No. ADV 10-0031ELD, 2010 WL 4878789, at *3 (Bankr. E.D. Pa. Nov. 23, 2010) ("[T]he Complaint fails to state a claim because the allegations that the asserted preferential transfers were on account of an antecedent debt… are stated entirely in a conclusory fashion."); *In re Universal Mktg., Inc.*, 460 B.R. at 836. The Complaint fails to allege that the Trust received transfers from OneJet as a mediate transferee, but instead concludes that Section 547 makes every entity in which the Maguires were involved collectively responsible for OneJet's financial transactions. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("A complaint based on collective responsibility must be dismissed."). The Complaint also alleges that **_MMI_** made cash infusions into OneJet with the mutual understanding that OneJet would repay MMI for these infusions. (¶¶ 87–92).

The Court should dismiss Count X as to the Trust, because the Trustee failed to perform the reasonable due diligence required by Section 547(b), and failed to plead any facts to support a claim under Rule 12(b)(6) that the Trust received avoidable preferential transfers from OneJet.

### B.   Counts XI and XV Fail to State Claims for Avoidance of Actual Fraudulent Transfers Under § 544 of the Bankruptcy Code and the California Civil Code

The Court must dismiss Counts XI and XV seeking avoidance of actual fraudulent transfers to the Trust under Bankruptcy Code Sections 544(a) and (b)(1) and California Civil Code Sections 3439.04(a)(1) and 3439.07 because the Trustee fails to satisfy the pleading requirements of Rules 9(b) and 12(b)(6).

#### 1.   Count XI

The Trustee alleges that <u>MMI</u>, not the Trust received actual fraudulent transfers from OneJet. (¶ 259). It makes no allegation that the Trust received any transfer at all, let alone an actual fraudulent transfer. The Trustee merely concludes, without any supporting facts, that the transfers

to MMI were for the benefit of all five of the named Defendants to this Count, including the Trust. (¶ 260). The Trustee fails to allege any of the alleged transfers' amounts, dates, or circumstances. (¶¶ 262–266). The Trust's name does not appear anywhere within Count XI. The Complaint claims authority to avoid transfers to the Trust under both Sections 544(a) and Section 544(b)(1), despite failing to plead facts supportive of the Trustee's authority under Section 544(a). (¶ 268).

The Trustee concludes that the Trust, along with the other four named defendants, was an insider of OneJet and that OneJet made transfers to MMI for the benefit of the five Defendants, which are mere recitals of the statutory elements of the Trust's liability for fraudulent transfers that "smack of multiple choice or menu pleading" and warrant dismissal under Rule 9(b). *In re Harris Agency, LLC*, 465 B.R. 410, 417 (Bankr. E.D. Pa. 2011), *quoting Burch v. Dent (In re Circle Y of Yoakum, Texas)*, 354 B.R. 349, 356 (Bankr. D. Del. 2006).

### 2.    Count XV

Count XV is based on the Trustee's unsupported allegations that the assignment of the sale agreement for the N488TM aircraft and Spinnaker's lease of the N488TM aircraft to OneJet were fraudulent. (¶¶ 300–302). However, like many of the Trustee's other claims, the Complaint alleges no facts to support the allegations that either the assignment or the lease was fraudulent. As for the assignment, the Complaint alleges that Spinnaker was assigned OneJet's interest in the sale agreement with Aircraft Holding. (¶ 167). As a result, Spinnaker entered into a financing obligation for the N488TM aircraft to the tune of $1,500,000. (¶ 168). The Trustee tries to have it both ways— it claims that "OneJet was chronically undercapitalized" and that "no commercially reasonable lender would have" loaned money to OneJet, but then it seems to allege that OneJet could have funded millions of dollars for the N488TM aircraft. (¶¶ 82, 87, 300). In the face of these competing allegations, the Complaint does not adequately allege *how* the assignment was fraudulent. The

Trustee pleads no facts showing that the Trust was a beneficiary or immediate or mediate transferee of the purported fraudulent transfer.

### 3.    Law and Argument Applicable to Both Counts

The Trustee fails to plead the actual fraud allegations with sufficient particularity under Rule 9(b) because it claims authority under both Section 544(a) and Section 544(b)(1), but it pleads only facts supportive of the Trustee's authority under Section 544(b)(1).  *See In re Harris Agency, LLC*, *Id.* (dismissing allegations of fraudulent transfer because "the Code section under which the Trustee intends to proceed is unclear."); *see also* 11 U.S.C. § 544(b)(1) ("the trustee may avoid any transfer… that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."); *see also* 11 U.S.C. § 544(a) (the Trustee may avoid a transfer voidable by a creditor that holds "a judicial lien", has obtained "an execution against the debtor", or is "a bona fide purchaser of real property.").

Interestingly, the Trustee also fails to allege any details to show that the relevant transfers were actually fraudulent. Instead, the Trustee pleads mere conclusory allegations reciting general elements of fraudulent transfer liability that are unattributed to specific facts or statutory provisions. (¶¶ 266, 307). Then it alleges that the existence of one creditor's claim—"Boomtown CIO has a claim in the amount of $30,066.03 for debts incurred before the Fraudulent Transfers were made"—*an amount that is 0.81% of the amount of the alleged transfers to MMI*—plausibly supports avoiding all of OneJet's transfers to MMI. (¶¶ 259, 267, 268, 297, 308, 309).

The Trustee alleges in Paragraphs 268 and 309 that the Trust's liability for OneJet's transfers to MMI and the transfer of the N488TM aircraft arise under the Uniform Voidable Transactions Act ("**California UVTA**") as enacted in California. See Cal. Civ. Code § 3439.01, *et seq*. This statute requires the Trustee to show that OneJet's "chief executive office" was located

in California when a claim arose in order for California law to govern the claim. *See* Cal. Civ. Code § 3439.10(a)(2) ("A debtor that is an organization and has more than one place of business is located at its chief executive office."); Cal. Civ. Code § 3439.10(b) ("A claim in the nature of a claim under this chapter is governed by the local law of the jurisdiction in which the debtor is located when the transfer is made or the obligation is incurred."). The Complaint here merely alleges that OneJet is incorporated in California and fails to state where its chief executive office is or whether any of its actual operations took place in California. (¶ 47). Rather, the averments throughout the Complaint allege that OneJet operated in several states, none of which was California. *See* Complaint generally.  Again, as evidenced in all of the Counts addressed herein, the Trustee neglects to apply the specific elements of the California UVTA to any specific facts or make even a conclusory allegation as to why California law applies here.

Courts routinely dismiss fraud claims as inadequately pled under Rule 9(b) because "the Trustee recites general, conclusory allegations that almost completely parrot the statutory language." *In re Circle Y of Yoakum, Texas*, 354 B.R. at 356 (dismissing Section 544 fraud claim), *cited in In re Harris Agency, LLC*, 465 B.R. at 417 (same). Due to the lack of particularity, Counts XI and XV of the Complaint fail not only to adequately state the statutory language, but fail to state a plausible claim that Section 544 makes the Trust liable for OneJet's transfers.  Under Rules 9(b) and 12(b)(6) the Court should dismiss Counts XI and XV as to the Trust.

**C.    Counts XXII and XVI Fail to State Claims for Avoidance of an Actual Fraudulent Transfer Under § 548(a)(1)(A) of the Bankruptcy Code**

The Court must dismiss Counts XII and XVI of the Complaint seeking avoidance of actual fraudulent transfers to the Trust under Section 548 because the Complaint fails to satisfy the pleading requirements of Rules 9(b) and 12(b)(6).

### 1.     Count XII

The allegations of Count XII are nearly identical to those set forth in Count XI, discussed above, which the Trust incorporates herein.

### 2.     Count XVI

The factual allegations of Count XVI are nearly identical to those set forth in Count XV, discussed above, which the Trust incorporates herein.

### 3.     Law and Argument Applicable to Both Counts

Section 548(a)(1)(A) authorizes the Trustee to avoid a transfer made by OneJet on or within two years before the Petition Date if OneJet "made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.." 11 U.S.C. § 548(a)(1)(A). To survive a Rule 12(b)(6) motion to dismiss a claim under Section 548, "the Trustee [has] an initial burden to prove by clear and convincing evidence that [OneJet's assets] were transferred by [OneJet] with the actual intent to hinder, delay or defraud creditors." *In re Lockwood Auto Grp., Inc.*, 450 B.R. 557, 567 (Bankr. W.D. Pa. 2011). The Complaint pleads no such facts and therefore fails to show that OneJet had such actual intent, nor that the Trust received any such transfers. Again, the Trustee has failed to plead a cause of action with sufficient particularity to satisfy Rule 9(b). *See In re Circle Y of Yoakum, Texas*, 354 B.R. at 356 (dismissing Section 548 fraud claim), *cited in In re Harris Agency, LLC*, 465 B.R. at 417 (same).

Additionally, courts consider evidence of "the so-called 'badges of fraud,' which if present, may be considered as circumstantial evidence that allows a court to infer the existence of a fraudulent intent." *In re Lockwood*, 450 B.R. at 571. But the Complaint fails to plead sufficient facts under Rule 12(b) to even circumstantially support its conclusory allegations of actual intent to hinder, delay or defraud creditors. *Id.* at 571–572 (pleading of "a pattern of a series of

transactions after incurring debt or financial difficulties" is insufficient under Rule 12(b) to show

a plausible claim of actual intent to hinder, delay or defraud creditors absent specific showings of

"the very significant badges [of] 'adequacy of consideration' and 'effect of the transfer on the

transferor's financial condition.'"), *quoting In re Cohen*, 142 B.R. 720, 729 (Bankr. E.D. Pa. 1992);

*In re Dressel Assocs., Inc.*, No. ADV 13-02200-JAD, 2014 WL 6607667, at *4 (Bankr. W.D. Pa.

Nov. 19, 2014), *aff'd*, 536 B.R. 158 (W.D. Pa. 2015); *In re Pittsburgh Cut Flower Co., Inc.,* 124

B.R. 451, 457 (Bankr. W.D. Pa. 1991) ("Whether reasonably equivalent value has been received

depends on the particular facts and circumstances of a given case.").

As a result of the foregoing, Counts XII and XVI are inadequately pled under Rules 9(b)

and 12(b)(6) and should be dismissed as to the Trust by the Court.

### D. <u>Counts XIII and XVII Fail to State Claims for Avoidance of Constructively Fraudulent Transfers Under § 544 of the Bankruptcy Code and the California Civil Code</u>

The Court must dismiss Counts XIII and XVII of the Complaint seeking avoidance of

constructively fraudulent transfers to the Trust under Bankruptcy Code Sections 544(a) and (b)(1)

and California Civil Code Sections 3439.04(a)(2), 3439.05 and 3439.07 because the Complaint

fails to satisfy the pleading requirements of Rules 9(b) and 12(b)(6).

### 1. **Count XIII**

The allegations of Count XIII are nearly identical to those set forth in Counts XI and XII,

discussed above, which the Trust incorporates herein.

### 2. **Count XVII**

The factual allegations of Count XVII re nearly identical to those set forth in Counts XV

and XVI, discussed above, which the Trust incorporates herein.

### 3.      Law and Argument Applicable to Both Counts

In continuing the theme of the Trustee's failures as set forth throughout this brief, Counts XII and XVI incorporate by reference the facts pled in preceding paragraphs of the Complaint and fail to add anything new.  These counts contain the same or similar conclusory allegations that generally recite unattributed statutory elements of fraud, without citing to any specific facts or laws.  Count XIII is notably missing the alleged transfers' amounts, dates, or circumstances. Boomtown CIO's $30,066.03 claim once again is the sole fact pled in support of avoiding the entirety of OneJet's transfers to MMI under Sections 544(a) and 544(b)(1) and California law. (¶¶ 286–287).

Count XIII and XVII once more merely recite general elements of constructively fraudulent transfer liability that are unattributed to specific facts or statutory provisions.  Count XIII again alleges that Boomtown CIO's claim plausibly justifies avoiding all of OneJet's transfers to MMI. (¶¶ 283–286); *see also In re Harris Agency, LLC*, 465 B.R. at 417. It claims authority under both Section 544(a) and Section 544(b)(1), but it pleads only facts supportive of the Trustee's authority under Section 544(b)(1). *See In re Harris Agency, LLC, Id.;* 11 U.S.C. § 544(b)(1); 11 U.S.C. § 544(a). It once more seeks relief under the California Civil Code without alleging under Cal. Civ. Code § 3439.10 that OneJet's chief executive office or any of its actual operations were at any time located in California when purported claims arose.  (¶¶ 287, 335).

Counts XIII and XVII's constructive fraud allegations are more mere recitals of "general, conclusory allegations that almost completely parrot the statutory language" and fail to cite to specific facts, including any allegations that the Trust received any transfers from OneJet. *See In re Circle Y of Yoakum, Texas*, 354 B.R. at 356, *cited in In re Harris Agency, LLC*, 465 B.R. at 417. Under Rules 9(b) and 12(b)(6) the Court should dismiss Counts XIII and XVII as to the Trust.

### E.    Counts XIV and XVIII Fail to State Claims for Avoidance of Constructively Fraudulent Transfers Under Bankruptcy Code § 548

The Court must dismiss Counts XIV and XVIII of the Complaint seeking avoidance of constructively fraudulent transfers to the Trust under Section 548(a)(1)(B) because the Complaint again fails to satisfy the pleading requirements of Rules 9(b) and 12(b)(6).

#### 1.    Count XIV

The allegations of Count XIV are nearly identical to those set forth in Counts XI-XIII, discussed above, which the Trust incorporates herein.

#### 2.    Count XVIII

The factual allegations of Count XVIII re nearly identical to those set forth in Counts XV-XVII, discussed in the previous section, which the Trust incorporates herein.

#### 3.    Law and Argument Applicable to Both Counts

Under Section 548(a)(1)(B), the Trustee may avoid a transfer that OneJet made or incurred within two years of the Petition Date if OneJet "received less than a reasonably equivalent value in exchange for such transfer or obligation" and OneJet was insolvent.[2]

Like Counts XI–XIII and XV–XVII, Counts XIV and XVIII merely plead "general, conclusory allegations that almost completely parrot the statutory language" of Section 548(a)(1)(B), rather than particular facts demonstrating a plausible claim of liability under Section 548(a)(1)(B). *See In re Circle Y of Yoakum, Texas*, 354 B.R. at 356 (dismissing Section 548 fraud claim), *cited in In re Harris Agency, LLC*, 465 B.R. at 417 (same).  As such, under Rules 9(b) and 12(b)(6) the Court should dismiss Counts XIV and XVIII as to the Trust.

---

[2] The Trustee fails to allege when OneJet became insolvent.  This is just another example of the Complaint's voluminous pleading deficiencies.

**F.**    **Count XXV Fails to State a Claim Against the Trust for Recovery of Avoided Transfers under § 550 of the Bankruptcy Code**

The Court must dismiss Count XXV of the Complaint because the Complaint again fails to satisfy the pleading requirements of Rules 9(b) and 12(b)(6).

Count XXV of the Complaint incorporates the averments of 427 preceding paragraphs and asks the Court to award to the Trustee OneJet's transfers to the Trust that have been avoided pursuant to Counts X through XVIII of the Complaint. This, oddly, is despite the Trustee's failure to ever identify a single transfer made to the Trust.

The Complaint alleges that the Trust and numerous other transferees each was "the initial transferee or the immediate or mediate transferee of one or more of the Avoidable Transfers, or the person or entity for whose benefit one or more of the Avoidable Transfers was made." (¶ 430). Rather than allege the specific amounts and dates of transfers that the Trustee seeks to recover, as required by virtue of the holding in *In re Universal Mktg., Inc*., the Complaint instead summarily alleges that the Trust (along with numerous other defendants) is liable for one aggregate transfer amount—$2,647,122.04—under Count X. (¶ 431(d)). It alleges that the Trust (along with numerous other defendants) is liable for another aggregate transfer amount—$3,363,754.96— under each of Counts XI through XIV. (¶ 431(e)–(f)). It alleges that the Trust is liable for a third transfer amount to be determined at trial under Counts XV–XVIII. (¶ 431(g)).  The Complaint then asks the Court to award either these amounts or amounts to be determined at trial. (¶ 432).

Section 550(a) of the Bankruptcy Code permits the Trustee to recover transferred property or its value from transferees of avoided transfers. Sections 550(b)–(d) impose significant limits on Section 550(a). Section 550(b) prohibits the Trustee from recovering avoided transfers from immediate or mediate transferees under Section 550(a)(2) to the extent that such a transferee "takes for value, including satisfaction or securing of a present or antecedent debt, in good faith, and

15

without knowledge of the voidability of the transfer avoided; or any immediate or mediate good

faith transferee of such transferee." Section 550(c) prohibits the Trustee from recovering under

Section 550(a) a transfer made for the benefit of an insider between 90 days and one year before

the Petition Date that is avoided under Section 547(b) if such a transfer has been transferred to an

initial transferee that is not an insider. Section 550(d) entitles the Trustee to only a single

satisfaction under Section 550(a).

Count XXV fails to satisfy the Trustee's burden under Rules 12(b)(6) and 9(b) to plead

sufficiently detailed and particular allegations to support plausible claims for relief concerning the

Trust with respect to Counts X through XVIII. Count XXV also fails to plead with particularity to

enable the Court to determine whether any of the limitations of Sections 550(b)–(d) apply to the

requested relief under Section 550(a). In this context, the Trust's request in Paragraph 432 that the

Court find the Trust liable for amounts to be determined at trial if, presumably, the Court finds that

the Trustee's poorly-pleaded allegations do not establish the Trust's liability for all of OneJet's

transfers within statutory time periods, is impermissible under applicable pleading standards.

As set forth herein, the Trustee has failed to adequately plead her claims under Rules 9(b)

and 12(b)(6), and therefore, the Court should dismiss Count XXV as to the Estate.

**G.    Count XXVI Fails to State a Claim Against the Trust for Disallowance of All Claims Under § 502 of the Bankruptcy Code**

The Court must dismiss Count XXVI of the Complaint because the Complaint again fails

to satisfy the pleading requirements of Rules 9(b) and 12(b)(6).

The Trustee asks the Court to disallow the Trusts' claims, even though it did not file a

claim in the bankruptcy and even though it did not receive any transfers from OneJet. The Trustee

was fully aware of the identify of those who brought claims in the bankruptcy. The Complaint

alleges that the Trust, one of nine Defendants named as a "Transferee," is an entity from whom

16

property is recoverable under Section 550 of the Bankruptcy Code. (¶ 435). The Trustee alleges

that "[e]ach of the Transferees was the initial transferee or the immediate or mediate transferee of

one or more of the preferential and fraudulent transfers described in this Complaint above… or the

person or entity for whose benefit one or more of the Avoidable Transfers was made." (¶ 435).

The Trustee alleges that Section 502(d) requires the Court to disallow any of the Trust's claims

against the estate "until such time as the Transferees pay to the Trustee an amount equal to the

aggregate amount of the Avoidable Transfers for which they are liable."  (¶ 437). The Trustee also

alleges that Section 502(j) requires the Court to reconsider and disallow any of the Trust's claims

against the estate "until such time as the Transferees pay to the Trustee an amount equal to the

aggregate amount of the Avoidable Transfers for which they are liable."  (¶ 438).

Section 502(d) requires the Court to "disallow any claim of any entity from which property

is recoverable under [Section 550] or that is a transferee of a transfer avoidable under [Sections

544, 547 or 548] unless such entity or transferee has paid the amount, or turned over any such

property, for which such entity or transferee is liable under [Section 550]." 11 U.S.C. § 502(d).

Section 502(j) provides in relevant part,

> "A claim that has been allowed or disallowed may be reconsidered
> for cause. A reconsidered claim may be allowed or disallowed
> according to the equities of the case. Reconsideration of a claim
> under this subsection does not affect the validity of any payment or
> transfer from the estate made to a holder of an allowed claim on
> account of such allowed claim that is not reconsidered…."

11 U.S.C. § 502(j).

As with the other Counts against the Trust, the Trustee's cursory pleading of Count XXVI

fails to allege particular facts to support a plausible claim for relief. The Trustee not only fails to

allege the amounts or particulars of any claims of the Trust or any other Transferees, she also fails

to allege under Section 502(d) that the Trust is liable under Sections 544, 547, 548 or 550 for a

single specific transfer from OneJet. Not only does the Trustee fail to allege "cause" under 502(j)

to reconsider any allowance of any claim by the Trust, but this request for relief is unripe and moot

because the Court has not yet allowed any claims by the Trust.

As set forth herein, The Trustee has failed to adequately plead her claims under Rules 9(b)

and  12(b)(6), and therefore, the Court should dismiss Count XXVI as to the Estate.

### H.    The Common Law Claims (Counts XXVII–XXVIII and XXXI) and the Claim for Declaratory Judgment (Count XXXII) Should be Dismissed for Failure to Identify the Applicable State Law

The Court must dismiss the Common Law Claims (Counts XXVIII–XXXI) and the Claim

for Declaratory Judgment (Count XXXII) of the Complaint as the Trustee has failed to identify

the applicable state law for each claim.

The Trustee brings common law claims of conversion (Count XXVII), unjust enrichment

(Count XXVIII) and civil conspiracy (Count XXXI) against the Trust. The Trustee also brings a

claim for declaratory judgment (Count XXXII), alleging that it has an equitable interest in the

N488TM aircraft. The Trustee fails to allege sufficient facts to enable the Court or the Trust to

determine the governing state law for this claim.

Where a plaintiff fails to identify the governing law applicable to the cause of action, those

claims should be dismissed. *See, e.g., Travelers Indem. Co. v. Cephalon, Inc.*, 32 F. Supp. 3d 538,

550 n.15 (E.D. Pa. 2014); *In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 167 (E.D. Pa. 2009).

In this case, the Trustee fails to allege the location of *any* of the relevant events that tie to the

Common Law Claims (Counts XXVII–XXVIII and XXXI) and the Claim for Declaratory

Judgment (Count XXXII). The location of the events, while not dispositive, is critical for

determining the governing law. For example, Pennsylvania follows the most-significant-

relationship-test in determining the applicable law. *Melmark, Inc. v. Schutt ex rel. Schutt*, 206 A.3d

1096, 1107 (Pa. 2019). Under that test, courts must decide "which state has the most significant

relationship to the occurrence and the parties." *Id.* Perhaps in other circumstances, a defendant may be able to infer the governing law from the facts, but the Trustee fails to allege details surrounding the allegations. It does not allege any locations for facts underpinning its claims in Counts XXVII–XXVIII and XXXI. And although the Trustee alleges the Defendants' residencies, those facts do not mandate a most-significant-relationship.

The Trustee's claim under the Declaratory Judgment Act is also insufficiently pleaded. Specifically, the Trustee alleges that OneJet is the equitable owner of the N488TM aircraft but fails to identify the governing law. As with Counts XXVII–XXVIII and XXXI, the Trustee fails to allege any locations for the facts underpinning its claims of ownership.

As a result of the foregoing, the Trust (and the Court) is left to guess under which laws the Trustee is bringing its claims—but that guesswork is not a defendant's burden. It is the burden of a plaintiff to make that identification of law, *see Travelers Indem. Co. v. Cephalon, Inc.*, 32 F. Supp. at 550 n.15.  The Trustee fails to identify the state law applicable to the claims in the Common Law Claims (Counts XXVII–XXVIII and XXXI–XXXII) and the Claim for Declaratory Judgment (Count XXXII), and therefore, these Counts should be dismissed.

### I.  <u>Count XXVII Fails to State a Claim for Conversion</u>

The Court must dismiss the Conversion claim in Count XXVII as the Trustee has failed to establish or plead the necessary elements under Rule 12(b)(6).

Count XXVII arises from the purported conversion of the N488TM aircraft by Spinnaker when the Trustee alleges that said aircraft should belong to OneJet. Even if the Court does not dismiss Count XXVII for failure to identify the applicable state law (as outlined in argument H above), the conversion claim fails under the laws of at least two jurisdictions that may be relevant: Pennsylvania and California, because it does not identify any facts to support is conclusory allegation that the Trust received any benefit from OneJet.

Under Pennsylvania law, "conversion essentially requires proof that the defendant interfered, without lawful justification, with a plaintiff's right of property in a particular asset." 2 Summ. Pa. Jur.2d Torts § 14:4 (2d ed.). "[T]he elements of a claim of conversion are: (1) deprivation of another's right of property in, or use or possession of, (2) a chattel, (3) without the owner's consent, and (4) without lawful justification." *Carter v. Morrison*, Civ. A. No. 06-3000, 2010 WL 701799, at *19 (E.D. Pa. Feb. 24, 2010).

California law, cited here because OneJet is a California corporation, has requirements similar to Pennsylvania's. California courts typically identify three elements necessary to establish a cause of action for conversion: (1) the plaintiff's ownership or right to possession of the property at the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. 14A Cal. Jur. 3d Conversion § 1; *Bank of New York v. Fremont General Corp.*, 523 F.3d 902, 914 (9th Cir. 2008).

The Complaint fails to allege any facts to support its allegation that the Trust converted the N488TM aircraft. A review of its 474 paragraphs clearly establishes that there is not one allegation that the Trust took any steps to convert the N488TM aircraft. The Trustee also fails to establish the most basic element needed to establish a claim for conversion—that OneJet had an ownership right in the N488TM aircraft. The Complaint alleges that the closing on the sale of the aircraft occurred on September 29, 2016. (¶ 165). This is nearly two weeks after the date that OneJet allegedly assigned the Aircraft Purchase and Sale Agreement to Spinnaker: September 16, 2016. (¶ 166). The Complaint does not allege that OneJet ever held title for the N488TM aircraft or closed on any sales agreement to consummate the purchase of the aircraft.

Since the Trustee is unable to establish the elements of a Conversion claim, or even plead facts to tangentially support such a claim, the Court should dismiss Count XXVII as to the Estate.

**J.      Count XXVIII Fails to State a Cause of Action for Unjust Enrichment Against the Trust**

Even if the Court does not dismiss Count XXVIII for failure to identify the applicable state law (as outlined in argument I above), the Court must dismiss the Unjust Enrichment claim in Count XXVIII as the Trustee has failed to establish or plead the necessary elements under Rule 12(b)(6) based on both Pennsylvania and California law.

As with the conversion claim, the claim for unjust enrichment fails under the laws of at least two jurisdictions that may be relevant, Pennsylvania and California, because it fails to identify any facts to support its conclusory allegation that the Trust received any benefit from OneJet.

**1.      The Trustee fails to state a claim for unjust enrichment under Pennsylvania law.**

Under Pennsylvania law, the elements of a cause of action based on the theory of unjust enrichment are "(1) benefits conferred on defendant **by Plaintiff**; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Gabriel v. Giant Eagle, Inc.*, 124 F. Supp. 3d 550, 568 (W.D. Pa. 2015) (emphasis in the original, quoting *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 180 (3d Cir. 2008)). *Gabriel v. Giant Eagle* stresses that "Plaintiff's actions are core to the cause of action" and that "the doctrine does not apply simply because the defendant may have benefitted as a result of the actions of the Plaintiff." *Id.* at 569. *Gabriel* found that a plaintiff failed to state a claim for unjust enrichment because a third party, rather than the plaintiff, made payments to a defendant for fraudulent prescriptions, and the plaintiff failed to allege "specific facts" to support the allegation that the retention of the payments by the defendant was unjust. *Id.*

The Complaint fails to plead specific facts to support its accusation that OneJet unjustly enriched the Trust.  A review of the 474 paragraphs clearly establishes that there is not one

allegation whatsoever contained therein that OneJet conferred any benefit upon the Trust, as required by *Gabriel*.

The Complaint fails the first step, as it fails to identify any benefits related to the N488TM aircraft (the focus of Count XXVIII) that OneJet conferred upon the Trust. The Complaint alleges that Matt and Patrick Maguire—***not OneJet***—caused Spinnaker to own the N488TM aircraft, in breach of their duties to OneJet, which generated unspecified revenues for seven defendants including the Trust through the present time. (¶¶ 167, 173, 445, 447). The allegations of the unjust enrichment count are narrowly focused on Matt and Patrick Maguire's actions, ***not OneJet's***. Additionally, the Trustee fails to plead sufficiently particular facts showing that any of these revenues accrued to the Trust as benefits or were unjustly retained by it at another's expense though the present time. The Trustee alleges in Paragraph 444 that aircraft require maintenance expenditures, but she does not allege how these expenditures have been paid after OneJet ceased paying them, which raises the question of whether the "revenues" purportedly received and retained by any of the defendants after this time were actually benefits.

The Complaint also fails to plead any facts to establish the second and third steps- there are no allegations that the Trust appreciated any such benefit from OneJet or that it accepted and retained any benefit.  The Trustee's unjust enrichment claim against the Trust is therefore legally impossible under Pennsylvania law.

> **2.    The Trustee Fails to State a Claim for Unjust Enrichment Against the Trust Under California Law**

Similarly, Count XXVIII also fails under California law.  In California, "[t]he elements of a cause of action for unjust enrichment are simply stated as 'receipt of a benefit and unjust retention of the benefit at the expense of another.'"  *Professional Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal.App.5th 230, 238 (Cal. Ct. App. 2018).  The Complaint is devoid of any mention of

the Trust actually receiving a benefit as a result of the N488TM aircraft transaction. For these reasons, the Court should dismiss Count XVIII as to the Trust.

### K.   Count XXXI Fails to State a Plausible Claim Against the Trust for Civil Conspiracy

Even if the Court declines to dismiss Count XXXI for the Trustee's failure to identify the relevant state law, Count XXXI fails as against the Trust and should therefore be dismissed.  The Court must dismiss the Trustee's count of civil conspiracy against the Trust because it fails to allege _**any**_ facts that support _**any**_ elements of this claim, particularly under the laws of at least two jurisdictions that may be relevant: Pennsylvania and California.

#### 1.   The Civil Conspiracy Claim fails under Pennsylvania Law

Under Pennsylvania law, the elements of a claim for civil conspiracy are: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purposes; and (3) actual legal damage. 1 Summ. Pa. Jur.2d Torts § 13:1; *Phillips v. Selig*, 959 A.2d 420, 437 (Pa. Super. Ct. 2008).

The Trustee fails to allege any facts to show that the Trust was part of a conspiracy, as it fails to allege any acts at all by the Trust. "A cause of action for conspiracy requires that two or more persons combine or enter an agreement to commit an unlawful act…." *Burnside v. Abbott Laboratories*, 5050 A.2d 973, 980 (Pa. Super. Ct. 1985). Further, "[i]t has long been the settled rule in this Commonwealth that proof of conspiracy must be made by full, clear and satisfactory evidence." *Phillips*, 959 A.2d at 437 (quoting *Fife v. Great Atlantic & Pacific Tea Co*., 52 A.2d 24, 39 (Pa. 1947)).

Upon review of the 88-page, 474-paragraph complaint, one cannot locate a factual averment that ties the Trust to any other person or any agreement between the Trust and another

person to commit an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose. Without pleading such required facts, the Trustee's civil conspiracy claim fails under Pennsylvania law. Therefore, the Court should dismiss Count XXXI as to the Trust.

### 2.    The Civil Conspiracy Claim Fails Under California Law

Under California law, the elements of a claim for civil conspiracy are: "(1) formation and operation of the conspiracy and (2) damage resulting to plaintiff (3) from an act done in furtherance of the common design." *I-CA Enterprises, Inc. v. Palram Americas, Inc*., 235 Cal. App. 4th 257, 272 n.2 (Cal. Ct. App. 2015) (internal quotation omitted). Additionally, "the law in California remains that a civil conspiracy requires an express or tacit agreement only to commit a civil wrong or tort, which then renders all participants responsible … for all damages ensuing from the wrong." *Navarrete v. Meyer*, 237 Cal. App. 4th 1276, 1293 (Cal. Ct. App. 2015) (internal quotation omitted). The Trustee fails to identify any agreement between the Trust and any other person. As a result, Count XXXI fails as to the Trust.

### L.    Count XXXII Fails to State a Claim Against the Trust for a Declaratory Judgment Under 28 U.S.C. § 2201

Count XXXII asks the Court to enter a judgment against the Trust and three other defendants "declaring that OneJet retained equitable title to the N488TM aircraft and directing that the aircraft's registration be changed to identify OneJet as record owner of the aircraft." To support this request, the Trustee pleads that a case and controversy presently exists concerning the Trustee's allegations that OneJet and not Spinnaker is the rightful owner of the N488TM aircraft. (¶¶ 470–474). 28 U.S.C. § 2201 provides that "[i]n a case of actual controversy within its jurisdiction… [the Court] ***may*** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added).

The United States Supreme Court has found that a court may, "in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). The Third Circuit has established four general factors for the court to consider in making this decision:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation; and
> (4) the availability and relative convenience of other remedies.

*Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 140 (3d Cir. 2014)(citations omitted).

The Complaint fails each of the four steps set forth in *Reifer*. First, the Trustee has already set forth **seven** other counts asking for relief related to the N488TM aircraft (Counts XV, XVI, XVII, XVIII, XXV, XXVII, XXVIII). These seven counts will resolve the uncertainty of the obligation which gave rise to this controversy (related to the N488TM).  Thus, the Trustee fails step 1.  The Trustee fails step 2 as it is inconvenient to allow the Trustee to use 28 U.S.C. § 2201 as an end run around the pleading deficiencies outlined in Counts XV-XVIII, XXV and XXVII-XXVIII. The Trustee fails step 3, as the public interest favors the settlement of the uncertainty through the other claims brought by the Trustee. Finally, and most importantly, the Trustee clearly fails step 4, as the Trustee found **seven** other ways to request remedies related to the same set of facts that she alleges in the Declaratory Judgment count.

As the Trustee fails to meet the factors set forth in *Reifer*, this Honorable Court should exercise its discretion, determine that declaratory judgment will serve no useful purpose here, and dismiss Count XXXII.

**M.     The Trustee Fails to State a Basis for the Award of Attorney Fees and Costs or Exemplary Damages**

Each count of the Complaint pled against the Trust except Count XXXII asks the Court to order the Trust to pay the Trustee's attorney's fees and costs. Additionally, Count XXXI asks the Court to award exemplary damages. The Trustee fails to plead any facts against the Trust to justify such extraordinary relief under federal or state law.

Counts X–XVIII and XXV–XXVI each seek relief under the United States Bankruptcy Code. The Bankruptcy Code does not provide for the award of attorney's fees and costs absent specific circumstances such as a contractual agreement for the award of fees and costs or the award of sanctions. *See In re Ciccimaro*, 364 B.R. 184, 192 (Bankr. E.D. Pa. 2007) ("In general, the 'American Rule' regarding attorney's fees in federal court cases is applicable to bankruptcy litigation. Thus, each party in a federal court dispute, including bankruptcy disputes, typically must pay his own counsel fees, regardless of the outcome.") (citations omitted). The Trustee points to no such contractual agreement with the Trust (or any other Defendant).

Counts XI, XIII, XV, and XVII also seek relief under California statutes governing fraudulent conveyance and Counts XXV and XXVI depend upon the availability of such relief. The California UVTA does not contain a provision authorizing attorney's fees. See Cal. Civ. Code § 3439.07. California courts have held that an action to avoid a fraudulent transfer is not an action "on a contract" that may implicate an attorney's fee provision under a different California statute. *See In re Rothery*, 200 B.R. 644, 653 (B.A.P. 9th Cir. 1996) (reversing trial court award of attorney's fees in favor of bankruptcy trustee in action to avoid fraudulent transfer).

Under both California and Pennsylvania law, attorney's fees are not available to the Trustee for the alleged tort claims of conversion, unjust enrichment, or civil conspiracy. Under California law, generally, "attorneys' fees are not recoverable by a prevailing party absent an agreement

26

between the parties or a statute allowing such recovery." *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Furth, Fahner, Bluemle & Mason*, 558 F.Supp. 94, 95 (N.D. Cal. 1983) (citing Cal. Code Civ. P. § 1021); *see also VBS Distribution, Inc. v. Nutrivita Laboratories, Inc*., No.: SACV 16-01553-CJC(DFMx), 2018 WL 6177245, at *4 (C.D. Cal. Oct. 22, 2018) (holding that attorney's fees are not recoverable in an action for civil conspiracy).  For a conversion action, California statute permits the Court to determine a measure of damages for "fair compensation for the time and money properly expended in pursuit of the property."  Cal. Civ. Code § 3336. However, California law prohibits the Court from assessing attorney's fees and costs solely as punitive damages.  *See Hornaday v. Hornaday*, 213 P.2d 91, 98 (Cal. Ct. App. 1949) ("While under section 3336 of the Civil Code in actions for conversion the plaintiff may recover compensation for the time and money properly expended in pursuit of the property, yet attorneys' fees will not be allowed under the guise of punitive damages.").  Here, not only has the Trustee has not alleged what expenses she has incurred in pursuit of recovering the N488TM aircraft from the Trust, the Trustee has not alleged that the Trust possesses this property.

Under Pennsylvania law, parties to litigation are responsible for their own attorneys' fees unless otherwise provided by statutory authority, agreement of the parties, or some other recognized exception. *See Cresci Const. Services, Inc. v. Martin*, 64 A.3d 254, 266 (Pa. Super. Ct. 2013). Pennsylvania law does not support an award of attorney's fees for tort claims. *See, e.g., SNA, Inc. v. Array*, 173 F.Supp.2d 347, 352 (E.D. Pa. 2001) (no attorney's fees for successful civil conspiracy claim); *Carricato v. Unisys Corp.*, No. 3147 S 1992, 1993 WL 327768, at *2 (Pa. Ct. Com. Pl. May 7, 1993) (no attorney's fees for unjust enrichment claim); *see also Pittsburgh Live, Inc. v. Servov*, 615 A.3d 438, 442 (Pa. Super. Ct. 1992) (no attorney's fees for civil fraud claim).

Furthermore, the Trustee does not identify any sort of quasi-contractual agreement between OneJet and the Trust that would make the Trust liable for OneJet's attorney's fees for its conversion claim.

Count XXXI asks the Court to award exemplary damages from the Trust. Just as she does for the underlying Conspiracy claim, the Trustee fails to allege which state's law should apply to this request. Under Pennsylvania law, exemplary damages for civil claims must be supported by evidence that the Trust had a subjective appreciation of the risk of harm to which OneJet was exposed, and that the Trust acted or failed to act intentionally, recklessly or maliciously, in conscious disregard of that risk. *Hutchison ex rel. Hutchison v. Luddy*, 896 A.2d 1260, 1265–1266 (Pa. Super. Ct. 2006) ("Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."). Similarly, California statue requires "clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice" for the Court to award exemplary damages in civil conspiracy claims. Cal. Civ. Code § 3294(a). The Trustee's flimsy, vague and unsupported conspiracy allegations fall far short of either state's requirements for actual evidence of consciously evil, malicious or reckless conduct.

The Court should deny each of Plaintiff's requests for attorney's fees and costs from the Trust, along with the Trustee's request for exemplary damages.

## V.    **CONCLUSION**

For these reasons, Patrick James Maguire and Jean Ann Rieke Revocable Trust, and Jean Ann Rieke as Trustee of the Patrick James Maguire and Jean Ann Rieke Revocable Trust, each respectfully requests that the Court dismiss the Complaint against them with prejudice and, notwithstanding any dismissal of the Complaint, deny any award of attorney fees or costs or exemplary damages.

Respectfully Submitted,

STRASSBURGER McKENNA GUTNICK
& GEFSKY

Date: _____December 18, 2020___          By: ___/s/ David A. Strassburger___
                                               David A. Strassburger
                                               Pa Id. No. 76027
                                               Christopher J. Azzara
                                               Pa Id. No. 204114
                                               Danielle L. Dietrich
                                               Pa Id. No. 200767

                                           Four Gateway Center, Suite 2200
                                           444 Liberty Avenue
                                           Pittsburgh, PA 15222
                                           (412) 281-5423
                                           (412) 281-8264 (Fax)

                                           *Counsel for:*
                                           *The Patrick James Maguire and Jean Ann Rieke*
                                           *Revocable Trust and Jean Ann Rieke as Trustee*
                                           *of the Patrick James Maguire and Jean Ann*
                                           *Rieke Revocable Trust*

29