## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ONEJET, INC.,<br><br><u>                    Debtor.        </u> | Bankruptcy No. 2:18-bk-24070 |
| ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>                    Plaintiff/Movant,<br><br>v.<br><br>MATTHEW R. MAGUIRE; HEATHER R. MAGUIRE; JEAN ANN RIEKE; THE ESTATE OF PATRICK JAMES MAGUIRE; JEAN ANN RIEKE AS EXECUTRIX OF THE ESTATE OF PATRICK JAMES MAGUIRE; THE PATRICK JAMES MAGUIRE AND JEAN ANN RIEKE REVOCABLE TRUST; TRUST DOES 1-3; JEAN ANN RIEKE AS TRUSTEE OF THE PATRICK JAMES MAGUIRE AND JEAN ANN RIEKE REVOCABLE TRUST; MAGUIRE/MAGUIRE INCORPORATED; PRIMAIR VENTURE PARTNERS; SPINNAKER AIRCRAFT HOLDING, LLC (f/k/a ONE JET AIRCRAFT HOLDING, LLC); ELM AEROSPACE HOLDINGS, LLC; TRI-STATE CHARTER HOLDINGS, LLC; TRI-STATE CHARTER LEASING, LLC; TRI-STATE CHARTER, LLC; BANK OZK (f/k/a BANK OF THE OZARKS, INC.); and AIRCRAFT HOLDING COMPANY ONE, LLC,<br>                    Defendants/Respondents. | Chapter 7<br><br><br>Adv. No. 20-02175 |
| In re:<br><br>ONEJET, INC.,<br>                    Debtor. | Bankruptcy No. 2:18-bk-24070<br><br>Chapter 7 |

| | |
|---|---|
| ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>              Plaintiff,<br><br>      v.<br><br>ANTHONY P. CARION, in his individual capacity;<br>PRIMAIR VENTURE PARTNERS, a California general partnership;<br>THE ESTATE OF PATRICK JAMES MAGUIRE;<br>JEAN ANN RIEKE, in her capacity as EXECUTRIX OF THE ESTATE OF PATRICK JAMES MAGUIRE;<br>JEAN ANN REIKE, in her individual capacity;<br>THE PATRICK JAMES MAGUIRE AND JEAN ANN RIEKE REVOCABLE TRUST;<br>JEAN ANN RIEKE, in her capacity as TRUSTEE OF THE PATRICK JAMES MAGUIRE AND JEAN ANN RIEKE REVOCABLE TRUST; and<br>MAGUIRE/MAGUIRE, INCORPORATED,<br><br>            Defendants. | Adv. Pro. No. 21-02055-GLT |

## ORDER OF COURT

AND NOW, this _____ day of _____, 2021, upon consideration of the *Motion to Approve Settlement Agreement Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "Motion") filed by Rosemary C. Crawford, chapter 7 trustee (the "Trustee") of the Estate of One Jet, Inc., it is hereby

**ORDERED, ADJUDGED and DECREED** that the Motion is granted in its entirety; and it is further

**ORDERED, ADJUDGED and DECREED** that the Settlement Agreement and Mutual General Release (the "Agreement") attached to this Order as **Exhibit A** and incorporated into this Order as if fully set forth herein, is authorized and approved; and it is further

**ORDERED, ADJUDGED and DECREED** that this Court shall retain jurisdiction to enforce the terms of the Agreement.

BY THE COURT:

_____

Gregory L. Taddonio
United States Bankruptcy Judge

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE

**16th** This Settlement Agreement and Mutual General Release (the "Agreement") is made this day of November, 2021 (the "Execution Date"), by and between Rosemary S. Crawford, not individually and solely in her capacity as the Chapter 7 Trustee of the Estate of One Jet, Inc. (the "Trustee"); and Matthew R. Maguire; Heather R. Maguire; Jean Ann Rieke; The Estate of Patrick James Maguire; Jean Ann Rieke as Executrix of the Estate of Patrick James Maguire; The Patrick James Maguire and Jean Ann Rieke Revocable Trust; Jean Ann Rieke as Trustee of the Patrick James Maguire and Jean Ann Rieke Revocable Trust; Maguire/Maguire, Incorporated; Primair Venture Partners; Spinnaker Aircraft Holding, LLC (f/k/a One Jet Aircraft Holding, LLC); Elm Aerospace Holdings, LLC (the "Maguire Parties"), Anthony Carion, and the Aircraft Parties as defined below. Unless otherwise indicated, the Trustee, the Maguire Parties, Carion, and the Aircraft Parties may hereinafter be referred to, individually as a "Party" or collectively, as "Parties."

WHEREAS, on October 17, 2018 (the "Petition Date"), petitioning creditors filed an involuntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Pennsylvania (the "Bankruptcy Court") as Case No. 18-24070-GLT (the "Case"); and

WHEREAS, on November 13, 2018, the Bankruptcy Court entered an order for relief against OneJet, Inc. (the "Debtor"); and

WHEREAS, on November 13, 2018, the Bankruptcy Court appointed Rosemary S. Crawford as the chapter 7 trustee in the Case and, pursuant to section 704 of the Bankruptcy Code, the Trustee has the right and authority to commence, prosecute and compromise all of the Debtor's and the bankruptcy estate's claims and causes of action; and

WHEREAS, on February 27, 2019, the Bankruptcy Court entered an order approving Kirk B. Burkley and Berstein-Burkley, P.C. as Special Counsel to the Trustee ("Counsel") to pursue potential adversary actions and collect outstanding accounts receivable; and

WHEREAS, on October 16, 2020, Trustee filed a Complaint on behalf of the Estate of One Jet, Inc. (the "Maguire Complaint") against the Maguire Parties as well as Tri-State Charter Holdings, LLC; Tri-State Charter Leasing, LLC; Tri-State Charter, LLC; Bank OZK (f/k/a Bank of the Ozarks, Inc.); Trust Does 1-3 and Aircraft Holding Company One, LLC as Adversary Proceeding Case No. 20-02175-GLT. The non-Maguire defendants to this matter are hereinafter referred to as the "Aircraft Parties;" and

WHEREAS, on June 7, 2021, Trustee filed a Complaint on behalf of the Estate of One Jet, Inc. (the "PVP Complaint") against some of the Maguire Parties (Primair Venture Partners; the Estate of Patrick James Maguire; Jean Ann Rieke in her capacity as Executrix of the Estate of Patrick James Maguire; Jean Ann Rieke; The Patrick James Maguire and Jean Ann Rieke Revocable Trust; Jean Ann Rieke in her capacity as Trustee of the Patrick James Maguire and Jean

1

EXHIBIT A

Ann Rieke Revocable Trust; and Maguire/Maguire, Incorporated) and Carion as Adversary Proceeding Case No. 21-02055-GLT; and

WHEREAS, the Parties engaged in negotiations that resulted in an amicable resolution of the Maguire Complaint and the PVP Complaint.

NOW, THEREFORE, for and in consideration of the mutual promises and covenants contained herein and for other good and valuable consideration, and intending to be bound legally hereby, the Parties agree as follows:

1.    **Recitals**.  Each of the foregoing recitals are incorporated by reference and made a part of this Agreement, although no admission of liability is thereby made by virtue of this incorporation.

2.    **Probate Court Approval**.  The Parties agree and understand that this settlement may impact the Estate of Patrick James Maguire (the "Estate"), which is currently being administered in the Probate Department of the Superior Court of California, San Mateo County, docket numbers PRO-20-00418 and PRO-20-00418-A.  Probate Court approval is an express condition to the enforceability of this agreement.  The Parties agree to cooperate in taking all reasonable steps to effectuate that approval (and similar approvals of other such proposed settlements).

3.    **Bankruptcy Court Approval.**  The Parties agree and understand that this settlement must be approved by the Bankruptcy Court.  The Parties agree to cooperate in taking all reasonable steps to effectuate that approval.

4.    **Effective Date**.  This Agreement shall become effective on the later of the following: (a) Fifteen (15) days after the entry of an order by the Bankruptcy Court approving the terms and conditions of this Agreement that is in form and reasonably acceptable to the Parties (the "Bankruptcy Court Order"); and (b) sixty-one (61) days after the entry of an order by the California Probate Court approving the terms and conditions of this Agreement that is in form and reasonably acceptable to the Parties and approving a plan of distribution to creditors of the Estate and authorization to distribute  payment to the Debtor's Bankruptcy Estate not to exceed the amount of the Settlement Payment set forth in Paragraph 6(a) below ("Effective Date").

5.    **General Representations**.  The Parties hereby represent that they were and are and at all times remain fully and legally authorized and competent to execute, enter into, and perform their obligations under this Agreement.  The Parties further represent and warrant that their execution, entry into, and performance in accordance with this Agreement does not and will not violate any applicable law or agreement by which the Parties are bound.

6.    **Settlement.**

(a)    In accordance with the terms of this Agreement, either the Estate of Patrick James Maguire or the Patrick James Maguire and Jean Ann Rieke Revocable Trust, jointly and severally, shall pay on behalf of the Maguire Parties to the Trustee (for the benefit of the Debtor's

EXHIBIT A

bankruptcy estate) $2,500,000 ("Settlement Payment") in immediately available good funds. In the event the Estate or the Trust does not have sufficient funds to pay the entire Settlement Payment, Maguire/Maguire, Inc. shall pay the deficiency in immediately available good funds. In any event, regardless of the source of funds, the full Settlement Payment shall be paid to the Trustee (for the benefit of the Debtor's bankruptcy estate) on or before the Settlement Payment Due Date and any failure to do so shall be a breach and event of default of this Agreement, even though only the Estate of Patrick James Maguire, the Patrick James Maguire and Jean Ann Rieke Revocable Trust, and Maguire/Maguire, Inc., have a duty to pay.

(b)     The Settlement Payment shall be made by wire within five (5) days of the Effective Date (the "Settlement Payment Due Date"), payable to Rosemary S. Crawford, Trustee for the Estate of One Jet, Inc.

(c)     In addition to the Settlement Payment and all terms related to same herein, Maguire/Maguire, Inc. shall execute and deliver to the Bankruptcy Estate the promissory note attached hereto as Exhibit A ("Promissory Note").

(d)     Matthew Maguire agrees to withdraw the proof of claim filed at Claim Number 65 in the Case in the amount of $58,021.01 within ten (10) days of the Effective Date hereto

(e)     Primair Venture Partners agrees to withdraw the proof of claim filed at Claim Number 107 in the Case in the amount of $10,037,435.00 within ten (10) days of the Effective Date hereof.

(f)     To the extent Carion owns or controls the proof of claim filed at Claim Number 107 in the Case in the amount of $10,037,435.00 filed by Primair Venture Partners, Carion agrees to fully cooperate to the extent necessary to ensure that proof of claim is withdrawn within ten (10) days of the Effective Date hereof.

(g)     For the avoidance of doubt, the Parties agree that any order the Bankruptcy Court enters approving this Agreement shall provide that each and all Proofs of Claim in the case filed by any Maguire Party or any of the Aircraft Parties is thereby deemed irrevocably to be withdrawn and expunged, with prejudice, and without the necessity of further motion, notice, hearing or order of the Bankruptcy Court.

(h)     Each of the Maguire Parties, the Aircraft Parties and Carion agrees that it, she or he (1) shall not file or otherwise assert any claim in the Case (including, but not limited to, under section 502(h) of the Bankruptcy Code), (2) hereby irrevocably disclaims and waives any right to seek reconsideration of any claim that it, she or he filed in the case (or in which it, she or he has or may have any right, title or interest whatsoever) under section 502(j) of the Bankruptcy Code, Rule 3008 of the Federal Rules of Bankruptcy Procedure, or otherwise, and (3) hereby irrevocably disclaims and waives any right to seek or to receive any distribution of any kind or description in the Case.

(i)     Jean Ann Rieke represents and warrants that, to the best of her knowledge, information and belief, Maguire/Maguire, Inc., has no present intention to shut down the business,

3

**EXHIBIT A**

shut down the business and reopen as a competing business, file for bankruptcy, or breach or default under the Promissory Note as of the date of its execution.

7.    **Dismissal of Heather Maguire and Jean Ann Rieke**.  Within three days of the Trustee's receipt of the Settlement Payment and executed Promissory Note, the Trustee will file a Motion for Dismissal with Prejudice of all claims pending in Adversary Proceedings No. 20-02175-GLT against Heather R. Maguire; Jean Ann Rieke; Jean Ann Rieke as Executrix of the Estate of Patrick James Maguire; and Jean Ann Rieke as Trustee of the Patrick James Maguire and Jean Ann Rieke Revocable Trust and at Adversary Proceeding No. 21-02055-GLT against Jean Ann Rieke; Jean Ann Rieke as Executrix of the Estate of Patrick James Maguire; and Jean Ann Rieke as Trustee of the Patrick James Maguire and Jean Ann Rieke Revocable Trust.

8.    **Dismissal of All Claims Against Aircraft Parties, Anthony Carion and Remainder of Maguire Parties**. Within seven days of the Trustee's dismissals set forth in paragraph 7, the Trustee will file a Motion for Dismissal with Prejudice of all claims remaining in Adversary Proceedings Nos. 20-02175-GLT and 21-02055-GLT.

9.    **No Objections to Other Settlements.**  Trustee agrees that she will refrain from filing any objection in the California Probate Court or Bankruptcy Court to any settlements entered into by the Estate of Patrick Maguire provided those settlements do not interfere or prevent in any way the payment in full of the Settlement Payment provided herein.

10.    **Mutual General Release.**  In consideration of the covenants and agreements contained herein, the sufficiency of which is acknowledged by the execution of this Agreement, each of the Parties,  on their own behalf and on behalf of any and all parents, subsidiaries, affiliates, divisions, predecessors, successors and assigns, and on behalf of its past and present officers, directors, shareholders, employees, partners, members, trustees, beneficiaries, heirs, executors, administrators, attorneys, agents, and representatives, does hereby voluntarily, knowingly and unconditionally release and forever discharge each other Party, and each of its parents, subsidiaries, affiliates, divisions, predecessors, successors and assigns, and its past and present officers, directors, shareholders, employees, partners, members, trustees, beneficiaries, heirs, executors, administrators, attorneys, agents, and representatives, from any and all actual or potential actions, claims, liabilities, demands, and damages, known or unknown, on account of, concerning, arising out of, or related to the circumstances or events that led to the claims and defenses alleged or that could have been alleged in the Case or Adversary Proceedings Nos. 20-02175-GLT and 21-02055-GLT and any and all actual or potential actions, claims, liabilities, demand, and damages, known or unknown, on account of, concerning, arising out of, or in any way related to the aircraft bearing the Tail Number 488TM that was the subject of the aforementioned adversary proceedings, on any legal or equitable ground, which may have arisen, or could have arisen up to the Execution Date of this Agreement..  This release does not include the claim Bank OZK filed against the Estate of Patrick James Maguire in the California Probate Court or the corresponding Civil Action filed in the Superior Court of San Mateo, Case Number 21-CIV-05079, which claims may be administered, prosecuted, and paid according to California Law.  To achieve fully the purpose of this paragraph, the Trustee shall not compromise any claims unless she receives in exchange a general release of all claims.

.                                                    .

4

**EXHIBIT A**

11.    **Compromise, No Admission of Liability.**  The Parties acknowledge that this Agreement is entered into in settlement and compromise of disputed claims.  It is expressly acknowledged and agreed that nothing in this Agreement, including the payment of the Settlement Payment and the execution of the Promissory Note, shall constitute or be construed as an admission of liability, fault, wrongdoing, or violation of any rule, regulation, or law, or as evidence of such on the part of any of the Maguire Parties.  It is further agreed that nothing in this Agreement shall constitute or be construed as an admission by any Party of any issue of law, fact, or liability.

12.    **Release of Attorneys' Fees and Costs Incurred in Litigation; Reservation of Attorneys' Fees and Costs Incurred in Enforcement of This Agreement.**  The Parties are responsible for paying their own attorneys' fees, costs, and expenses related to their historical dispute and all prior negotiations or discussions that have culminated in this Agreement, provided, however, that if any Party initiates an action to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of its attorneys' fees and costs incurred in such enforcement action against the losing party.  Notwithstanding the foregoing, Bank OZK may seek reimbursement of its attorneys' fees from the Estate as set forth in its loan documents.

13.    **Miscellaneous Terms and Conditions**.

(a)    This Agreement, along with the above-referenced Promissory Note, contains the complete agreement among the Parties.  All material representations, understandings, and promises of the Parties are contained herein.  This Agreement may only be modified or amended in a written document signed by the Parties.

(b)    This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without regard to principles of conflicts of law, the Bankruptcy Code, and under the jurisdiction of the Bankruptcy Court.  Should any provisions of this Agreement be held invalid or unenforceable, all other provisions shall nevertheless continue in full force and effect.

(c)    This Agreement shall be binding upon and inure to the benefit of the Parties, their predecessors, successors, assigns, parents, subsidiaries, affiliates, assigns, agents, directors, officers, employees and stockholders.

(d)    The obligations of the Parties under this Agreement (including, but not limited to, the obligation to pay the Settlement Payment and to execute and perform under the Promissory Note as described in Section 6(a)-(c)) shall not be assigned or delegated (in whole or in part) to any other person without the prior, express, written consent of all other Parties.

(e)    This Agreement may be executed in counterparts and may be delivered by facsimile or electronic mail.  Any copy so executed and delivered, when taken with another executed copy, shall be considered and deemed an original hereof.

(f)    Subject to the Section 3 of this Agreement, each of the undersigned persons represents and warrants that it, she or he is legally authorized to sign this Agreement on behalf of itself, herself or himself or on behalf of the person or entity on whose behalf that person is signing this Agreement.

**EXHIBIT A**

_____    Date: _____
Maguire/Maguire, Incorporated


_____    Date: _____
Primair Venture Partners


_____    Date: _____
Spinnaker Aircraft Holding, LLC (f/k/a
One Jet Aircraft Holding, LLC)


_____    Date: _____
Elm Aerospace Holdings, LLC


_____    Date: _Nov 11, 2021_____
Anthony Carion


_____    Date: _____
Tri-State Charter Holdings, LLC


_____    Date: _____
Tri-State Charter Leasing, LLC


_____    Date: _____
Tri-State Charter, LLC


_____    Date: _____
Bank OZK (f/k/a Bank of the Ozarks, Inc.)


_____    Date: _____
Aircraft Holding Company One, LLC


7

**EXHIBIT A**

_____          Date: _____
Maguire/Maguire, Incorporated

_____          Date: _____
Primair Venture Partners

_____          Date: _____
Spinnaker Aircraft Holding, LLC (f/k/a
One Jet Aircraft Holding, LLC)

_____          Date: _____
Elm Aerospace Holdings, LLC

_____          Date: _____
Anthony Carion

_____          Date: 11/10/2021
Tri-State Charter Holdings, LLC

_____          Date: 11/10/2021
Tri-State Charter Leasing, LLC

_____          Date: 11/10/2021
Tri-State Charter, LLC

_____          Date: _____
Bank OZK (f/k/a Bank of the Ozarks, Inc.)

_____          Date: _____
Aircraft Holding Company One, LLC

7

**EXHIBIT A**

_____     Date: _____
Maguire/Maguire, Incorporated


_____     Date: _____
Primair Venture Partners


_____     Date: _____
Spinnaker Aircraft Holding, LLC (f/k/a
One Jet Aircraft Holding, LLC)


_____     Date: _____
Elm Aerospace Holdings, LLC


_____     Date: _____
Anthony Carion


_____     Date: _____
Tri-State Charter Holdings, LLC


_____     Date: _____
Tri-State Charter Leasing, LLC


_____     Date: _____
Tri-State Charter, LLC

_Gene Brown_                        Date: _11/10/2021_
Bank OZK (f/k/a Bank of the Ozarks, Inc.)


_____     Date: _____
Aircraft Holding Company One, LLC


7

**EXHIBIT A**

_____     Date: _____
Maguire/Maguire, Incorporated


_____     Date: _____
Primair Venture Partners


_____     Date: _____
Spinnaker Aircraft Holding, LLC (f/k/a
One Jet Aircraft Holding, LLC)


_____     Date: _____
Elm Aerospace Holdings, LLC


_____     Date: _____
Anthony Carion


_____     Date: _____
Tri-State Charter Holdings, LLC


_____     Date: _____
Tri-State Charter Leasing, LLC


_____     Date: _____
Tri-State Charter, LLC


_____     Date: _____
Bank OZK (f/k/a Bank of the Ozarks, Inc.)

DocuSigned by:
Ronald Brower          Ronald Brower
24D79ED54556423...     Senior Vice President      11/16/2021
                                                Date: _____
Aircraft Holding Company One, LLC

7

EXHIBIT A

_____     Date: 11/11/21
Rosemary S. Crawford, not individually and
solely in her capacity as The Chapter 7
Trustee of the Estate of One Jet, Inc.


_____     Date: _____
Matthew R. Maguire


_____     Date: _____
Heather R. Maguire


_____     Date: _____
Jean Ann Rieke


_____     Date: _____
The Estate of Patrick James Maguire


_____     Date: _____
Jean Ann Rieke as Executrix of The Estate of
Patrick James Maguire


_____     Date: _____
The Patrick James Maguire and Jean Ann
Rieke Revocable Trust


_____     Date: _____
Jean Ann Rieke as the Trustee of the Patrick
James Maguire and Jean Ann Rieke
Revocable Trust

6

**EXHIBIT A**

_____     Date: _____
Rosemary S. Crawford, not individually and
solely in her capacity as The Chapter 7
Trustee of the Estate of One Jet, Inc.


_____     Date: _____
Matthew R. Maguire


_____     Date: _____
Heather R. Maguire


_____     Date: 11/15/2021
Jean Ann Rieke


_____     Date: 11/15/2021
The Estate of Patrick James Maguire


_____     Date: 11/15/2021
Jean Ann Rieke as Executrix of The Estate of
Patrick James Maguire


_____     Date: 11/15/2021
The Patrick James Maguire and Jean Ann
Rieke Revocable Trust


_____     Date: 11/15/2021
Jean Ann Rieke as the Trustee of the Patrick
James Maguire and Jean Ann Rieke
Revocable Trust

6

EXHIBIT A

_[signature]_ _President_   Date: _11/15/2021_
Maguire/Maguire, Incorporated

_[signature]_   Date: _11/15/2021_
Primair Venture Partners

_[signature] Trustee of the Patrick James Maguire and Jean Ann Beebe Revocable Trust_   Date: _11/15/2021_
Spinnaker Aircraft Holding, LLC (f/k/a One Jet Aircraft Holding, LLC)
One Jet Aircraft Holding, LLC)

_____   Date: _____
Elm Aerospace Holdings, LLC

_____   Date: _____
Anthony Carion

_____   Date: _____
Tri-State Charter Holdings, LLC

_____   Date: _____
Tri-State Charter Leasing, LLC

_____   Date: _____
Tri-State Charter, LLC

_____   Date: _____
Bank OZK (f/k/a Bank of the Ozarks, Inc.)

_____   Date: _____
Aircraft Holding Company One, LLC

7

EXHIBIT A

_____     Date: _____
Rosemary S. Crawford, not individually and
solely in her capacity as The Chapter 7
Trustee of the Estate of One Jet, Inc.


_____     Date: 11-16-21
Matthew R. Maguire


_____     Date: 11 / 16 / 2021
Heather R. Maguire


_____     Date: _____
Jean Ann Rieke


_____     Date: _____
The Estate of Patrick James Maguire


_____     Date: _____
Jean Ann Rieke as Executrix of The Estate of
Patrick James Maguire


_____     Date: _____
The Patrick James Maguire and Jean Ann
Rieke Revocable Trust


_____     Date: _____
Jean Ann Rieke as the Trustee of the Patrick
James Maguire and Jean Ann Rieke
Revocable Trust

6

EXHIBIT A

_____          Date: _____
Maguire/Maguire, Incorporated


_____          Date: _____
Primair Venture Partners


_____          Date: _____
Spinnaker Aircraft Holding, LLC (f/k/a
One Jet Aircraft Holding, LLC)


_____          Date: ___11-16-21_____
Elm Aerospace Holdings, LLC


_____          Date: _____
Anthony Carion


_____          Date: _____
Tri-State Charter Holdings, LLC


_____          Date: _____
Tri-State Charter Leasing, LLC


_____          Date: _____
Tri-State Charter, LLC


_____          Date: _____
Bank OZK (f/k/a Bank of the Ozarks, Inc.)


_____          Date: _____
Aircraft Holding Company One, LLC


7

EXHIBIT A

# EXHIBIT A

PROMISSORY NOTE

$1,000,000.00                                                    November __15__, 2021

WARNING!  BY SIGNING THIS DOCUMENT YOU HAVE AGREED THAT IN THE EVENT
OF DEFAULT, A JUDGMENT SHALL BE ENTERED AGAINST YOU WITHOUT A TRIAL
AND THAT THE JUDGMENT MAY BE EXECUTED UPON AND WILL SERVE AS A LIEN
ON REAL ESTATE OWNED BY YOU!

YOU ALSO ACKNOWLEDGE THAT, BY SIGNING THIS JUDGMENT, YOU ARE
WAIVING CERTAIN RIGHTS TO NOTICE AND A HEARING PRIOR TO EXECUTION
UPON ANY JUDGMENT ENTERED PURSUANT TO THIS DOCUMENT, AND THAT YOU
KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY WAIVE THOSE RIGHTS AFTER
CONSULTATION WITH LEGAL COUNSEL.

Maguire/Maguire Incorporated, a California corporation ("**Maker**"), for value received,
promises to pay to the order of Rosemary C. Crawford as chapter 7 trustee for the bankruptcy
estate of OneJet, Inc. and her lawful successors (the "**Holder**"), the principal sum of One Million
and 00/100 Dollars ($1,000,000.00) (the "**Principal**"), together with interest thereon accruing on
the outstanding Principal balance ("**Interest**") from the date of this Promissory Note (the
"**Note**"), all as provided below.

1.      Related Agreements. This Note is being issued pursuant to that certain [Settlement
Agreement and Release] by and between Maker and Holder of even date herewith (the
"**Settlement Agreement**").

2.      Interest. The outstanding Principal balance of this Note, shall bear interest at a rate of
Three and 00/100 Percent (3.00%) per annum, from the date of this Note until the entire
outstanding Principal amount, together with accrued Interest, is paid in full. Interest on the
outstanding Principal balance of this Note shall be calculated on the basis of a 360-day year, as
applicable.

3.      Payment of Principal and Interest. Principal and Interest will be due and payable in
Twenty-Four (24) equal and consecutive monthly payments of Forty Two Thousand Nine
Hundred and Eighty-One and 21/100 Dollars ($42,981.21) commencing on the later of (i)
January 1, 2022 or (ii) Sixty (60) calendar days after the later of the entry of appropriate orders
by both the Bankruptcy Court for the Western District of Pennsylvania approving the terms and
conditions of the Settlement Agreement and Mutual Release and the Probate Court for the
County of San Mateo, California approving the plan of distribution to creditors of the Estate and
authorization to distribute payments.   Payments shall continue on the first day of each
consecutive month thereafter and the final payment shall be due on the first day of the twenty-
fourth month after payments commence (the "**Maturity Date**"), except as expressly provided in
Section 4 below. An amortization schedule is attached hereto as Exhibit A.

4.      Prepayments and Prepayment Discount. Maker may prepay all or any part of the
Principal of this Note in whole, or from time to time, in part, without penalty or premium. Any

*Signature Page to Promissory Note by Maguire/Maguire Incorporated*                    **EXHIBIT A**

prepayment shall be applied first toward accrued Interest to the date of such prepayment, and then toward the Principal installments due under this Note, in the inverse order of their maturities.  Furthermore, if Maker pre-pays the entire note balance within twelve (12) months of the commencement of payments under Section 3 ("**Payoff**"), the principal amount due shall be equal to $750,000 less the principal payments made prior to the date of Payoff, along with any unpaid interest accrued to the date of Payoff.

5.      Place of Payments. All payments of Principal and Interest under this Note will be made to the order of Holder at the address specified below.

6.      Default; Acceleration. The occurrence of any of the following events will be deemed to be an "**Event of Default**" under this Note: (a) the failure of Maker to make any payment of Principal, Interest or any other amount due under this Note when it is due and payable and such failure continues for thirty (30) calendar days after receiving notice from Holder of such failure to pay; (b) the filing by or against Maker of any proceeding in bankruptcy, receivership, insolvency, reorganization, liquidation, conservatorship or similar proceeding that is not dismissed or stayed within sixty (60) calendar days of the commencement thereof; (c) any assignment by Maker for the benefit of creditors; (d) any default on behalf of Maker under the Settlement Agreement that is not cured within thirty (30) days of writing notice from Holder; or (e) dissolution or winding-up of business of Maker.

Upon the occurrence of an Event of Default, the outstanding Principal balance and accrued Interest under this Note, together with any additional amounts payable under this Note, shall be immediately due and payable without demand or notice of any kind except as provided by Section 6(a).  Also, upon the occurrence of an Event of Default, interest shall accrue on the outstanding Principal balance and accrued Interest, from and after the date of default, at a default rate of interest of the rate set forth in paragraph 2 above, plus 4% (the "**Default Rate of Interest**") for a total Default Rate of Interest of 7% per annum.

7.      Cost of Collection. Maker shall reimburse Holder for all reasonable costs and expenses, including reasonable attorneys' fees, which may be incurred by Holder in collecting any amounts due under this Note.

8.      CONFESSION OF JUDGMENT.  TO SECURE THE OBLIGATION OF PAYMENT OF THE AFORESAID $1,000,000.00, THE UNDERSIGNED, MAGUIRE/MAGUIRE INCORPORATED, DOES HEREBY EMPOWER ANY ATTORNEY OF ANY COURT OF RECORD WITHIN THE UNITED STATES OR ELSEWHERE, TO APPEAR FOR THE SAID ROSEMARY C. CRAWFORD AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF ONEJET, INC. AND HER LAWFUL SUCCESSORS AND, UPON DEFAULT, AFTER ONE OR MORE DECLARATIONS FILED, CONFESS JUDGMENT AGAINST MAGUIRE/MAGUIRE INCORPORATED IN FAVOR OF ROSEMARY C. CRAWFORD AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF ONEJET, INC. AND/OR HER LAWFUL SUCCESSORS, AS OF ANY TERM, FOR THE SUM OF $1,000,000.00 (OR THE BALANCE THEN DUE), PLUS INTEREST AT THE DEFAULT RATE OF SEVEN PERCENT (7%) PER ANNUM FROM THE DATE HEREOF, PLUS ATTORNEY'S FEES OF 10% THEREOF FOR COLLECTION, WITH COST OF SUIT AND RELEASE OF ALL ERRORS.

*Signature Page to Promissory Note by Maguire/Maguire Incorporated*

EXHIBIT A

WARNING! BY SIGNING THIS DOCUMENT YOU HAVE AGREED THAT IN THE EVENT OF DEFAULT, A JUDGMENT SHALL BE ENTERED AGAINST YOU WITHOUT A TRIAL AND THAT THE JUDGMENT MAY BE EXECUTED UPON AND WILL SERVE AS A LIEN ON REAL ESTATE OWNED BY YOU!

YOU ALSO ACKNOWLEDGE THAT, BY SIGNING THIS PROMISSORY NOTE, YOU ARE WAIVING CERTAIN RIGHTS TO NOTICE AND A HEARING PRIOR TO EXECUTION UPON ANY JUDGMENT ENTERED PURSUANT TO THIS DOCUMENT, AND THAT YOU KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY WAIVE THOSE RIGHTS AFTER CONSULTATION WITH LEGAL COUNSEL.

MAGUIRE/MAGUIRE INCORPORATED
a California corporation

Date: _11/15/2021_

By: _Jean Ann Rieke_
Jean Ann Rieke, President

9.    The undersigned acknowledges that the undersigned is aware that the entry of Judgment by Confession as authorized in the immediately preceding paragraphs will serve as a lien on any real estate owned by the undersigned in the County in which it is recorded, and it may also serve as a lien on any real estate which the undersigned owns in any County to which that Judgment may be subsequently transferred, and may be executed upon by Rosemary C. Crawford as Chapter 7 Trustee for the Bankruptcy Estate of Onejet, Inc., and/or her lawful successors.

10. Governing Law. This Note, and all matters or disputes relating to the validity, construction, performance or enforcement hereof, will be governed, construed and controlled by and under the laws of the Commonwealth of Pennsylvania, exclusive of its conflict of laws provision.

11. Jurisdiction; Venue. Exclusive jurisdiction of any action or proceeding brought under or in connection with this Note shall be vested in the United States District Court for the Western District of Pennsylvania and the venue of any action shall be in the County of Allegheny, Pennsylvania. Maker consents irrevocably to the jurisdiction over Maker of the aforementioned courts in any such action or proceeding and agrees that the venue provided above is the most convenient forum. Maker also waives any objection to venue or jurisdiction and any objection based on a more convenient forum in any action instituted under this Note.

12. Successors and Assigns.  This Note and the rights and obligations hereunder may not be assigned or delegated by Maker or Holder without the prior written consent of the other. All the rights and obligations of Maker and Holder contained in this Note shall bind or inure to their respective heirs, executors, legal representatives, successors and permitted assigns.

13.  Notice. All notices or other communications under this Note will be considered properly given if in writing and: (a) delivered personally; (b) sent by registered or certified U.S. mail,

*Signature Page to Promissory Note by Maguire/Maguire Incorporated*

**EXHIBIT A**

return receipt requested, addressed to the party for whom intended at the address set forth below; or (c) delivered by overnight courier service to the address set forth below. The date of service of the notice will be the date of delivery when personally delivered or sent by mail or overnight courier service. At any time on notice to the other party given in the manner set forth above, a party may change the address to which notices to that party may be sent.

If to Holder:

Rosemary C. Crawford, Trustee
P.O. Box 355

Allison Park, PA 15101
crawfordmcdonald@aol.com

With copy to:
Kirk B. Burkley, Counsel to Trustee
Bernstein-Burkley, P.C.
601 Grant Street, 9th Floor
Pittsburgh, PA 15219
kburkley@bernsteinlaw.com

If to Maker:

Jean A. Rieke
345 Elm Avenue
Larkspur, CA 94939

With copy to:
David A. Strassburger, Counsel to Maker
Strassburger McKenna Gutnick & Gefsky
444 Liberty Avenue, Suite 2200
Pittsburgh, PA 15222
dstrassburger@smgglaw.com

14.    Waiver. Maker waives presentment, demand, protest, notice of dishonor and any other notice required to be given under law to Maker.

15.    Severability.  To the extent any provision of this Note is prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provisions or the remaining provisions of this Note.

16.    Amendment/Non-Waiver.  No amendment, or waiver of any term or condition of this Note, nor consent to any departure by Maker therefrom, shall be effective unless the same shall be in writing and signed by Maker and Holder and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which it is given.  The acceptance by Holder of any payment under this Note after the date such payment is due, or the failure to declare an Event of Default as herein provided, shall not constitute a waiver of any of the terms of this Note or the right to require the prompt payment when due of future or succeeding payments or to declare an Event of Default for any failure to so pay or for any other default.  The acceptance by Holder of a payment of a portion of any installment at any time that such installment is due in full shall not cure or excuse the default caused by the failure to pay such installment in full and shall not constitute a waiver of the right to require full payment when due of all future or succeeding installments.

17.    Authority.  The person signing this Note on behalf of Maker represents and warrants that she has full authority to do so and that this Note binds Maker.

18.    Copies of Note.  The exchange of copies of this Note and of signature pages by electronic means in .PDF format shall constitute effective execution and delivery of this Note to the parties hereto and may be used in lieu of the original Note for all purposes.

*Signature Page to Promissory Note by Maguire/Maguire Incorporated*

**EXHIBIT A**

IN WITNESS WHEREOF, Maker has caused this Promissory Note to be signed and dated as of the day and year first above written.

MAGUIRE/MAGUIRE INCORPORATED
a California corporation

Date: _11/15/2021_

By: _Jean Ann Rieke_
Jean Ann Rieke, President

*Signature Page to Promissory Note by Maguire/Maguire Incorporated*

EXHIBIT A

**Exhibit A**
**Amortization Schedule**

| Annual Interest Rate | 3.00% |
|---|---|
| Years | 2 |
| Payments Per Year | 12 |
| Principal Amount | $1,000,000.00 |

| Payment Number | Payment | Principal | Interest | Principal Balance |
|---|---|---|---|---|
| 1 | ($42,981.21) | ($40,481.21) | ($2,500.00) | $959,518.79 |
| 2 | ($42,981.21) | ($40,582.42) | ($2,398.80) | $918,936.37 |
| 3 | ($42,981.21) | ($40,683.87) | ($2,297.34) | $878,252.50 |
| 4 | ($42,981.21) | ($40,785.58) | ($2,195.63) | $837,466.92 |
| 5 | ($42,981.21) | ($40,887.54) | ($2,093.67) | $796,579.38 |
| 6 | ($42,981.21) | ($40,989.76) | ($1,991.45) | $755,589.61 |
| 7 | ($42,981.21) | ($41,092.24) | ($1,888.97) | $714,497.38 |
| 8 | ($42,981.21) | ($41,194.97) | ($1,786.24) | $673,302.41 |
| 9 | ($42,981.21) | ($41,297.96) | ($1,683.26) | $632,004.45 |
| 10 | ($42,981.21) | ($41,401.20) | ($1,580.01) | $590,603.25 |
| 11 | ($42,981.21) | ($41,504.70) | ($1,476.51) | $549,098.55 |
| 12 | ($42,981.21) | ($41,608.47) | ($1,372.75) | $507,490.08 |
| 13 | ($42,981.21) | ($41,712.49) | ($1,268.73) | $465,777.59 |
| 14 | ($42,981.21) | ($41,816.77) | ($1,164.44) | $423,960.83 |
| 15 | ($42,981.21) | ($41,921.31) | ($1,059.90) | $382,039.52 |
| 16 | ($42,981.21) | ($42,026.11) | ($955.10) | $340,013.40 |
| 17 | ($42,981.21) | ($42,131.18) | ($850.03) | $297,882.22 |
| 18 | ($42,981.21) | ($42,236.51) | ($744.71) | $255,645.72 |
| 19 | ($42,981.21) | ($42,342.10) | ($639.11) | $213,303.62 |
| 20 | ($42,981.21) | ($42,447.95) | ($533.26) | $170,855.67 |
| 21 | ($42,981.21) | ($42,554.07) | ($427.14) | $128,301.59 |
| 22 | ($42,981.21) | ($42,660.46) | ($320.75) | $85,641.14 |
| 23 | ($42,981.21) | ($42,767.11) | ($214.10) | $42,874.03 |
| 24 | ($42,981.21) | ($42,874.03) | ($107.19) | $0.00 |

*Exhibit A to Promissory Note by Maguire/Maguire Incorporated*

**EXHIBIT A**